## NICKEY ET AL. *v.* MISSISSIPPI.

No. 298.   Argued February 5, 6, 1934.—Decided May 21, 1934.

See also, 146 So. 859; 147 *id.* 324.

*Mr. W. E. Gore,* with whom *Mr. George Butler* was on the brief, for appellants.

*Mr. J. A. Lauderdale,* Assistant Attorney General of Mississippi, with whom *Mr. Greek L. Rice,* Attorney General, and *Messrs. E. C. Sharp* and *R. H. Knox* were on the briefs, for appellee.

Mr. Justice Stone delivered the opinion of the Court.

This case is here on appeal, § 237 of the Judicial Code, from a decree of the Supreme Court of Mississippi allowing recovery of delinquent taxes assessed upon appellants' lands within the state and overruling their contention that the assessment of the tax and the decree for its payment infringe the due process clause of the Fourteenth Amendment. 167 Miss. 650; 145 So. 630; 146 So. 859. So far as the state court discussed these contentions with specific reference to the Constitution of the United States, both in its original opinion, and in an opinion denying the appellants' application for rehearing, they may be reviewed here, notwithstanding the failure of appellants to mention them in their assignment of errors to the state supreme court, as required by its rules. *Wall* v. *Chesapeake & Ohio Ry. Co.,* 256 U.S. 125. *Saltonstall* v. *Saltonstall,* 276 U.S. 260, 267. *Cumberland Coal Co.* v. *Board of Revision,* 284 U.S. 23, 24. We confine our opinion to the questions thus discussed.

Appellants, non-residents of Mississippi, are owners of tracts of land in Tunica County, Mississippi, all of which were assessed for local and state taxation for the year 1928. They failed to pay the tax on one tract alone, and the state, on relation of the Attorney General, brought the present suit in the chancery court of Tunica County to recover the unpaid tax as a debt of the owners. This suit was begun by attachment of other lands of appellants' on which the tax had been paid. The bill of complaint alleges that the appellants are engaged in removing timber from the land on which the tax has not been paid; that the land without it is not of sufficient value to

pay the tax, and that unless they are restrained from cutting the timber the state and its municipal subdivisions will be deprived of the tax. The bill prays that appellants be enjoined from cutting the timber until the tax is paid, and that it be satisfied from the attached lands.

Appellants appeared generally in the suit, and secured the release of the attachment by giving bond, in the sum of $10,000, an amount in excess of all taxes claimed and recovered, by which they and their surety became bound to satisfy any decree which might be recovered in the suit. In their answer they set up numerous defenses on state grounds, all of which so far as now material have been resolved against them and may not be reviewed here. They also set up two distinct defenses, which are urged here: First, that they are and at all times have been nonresidents of the state and that the tax demanded was assessed without service of any process on them, or notice to them, or opportunity to be heard in any proceedings for its assessment, and without their appearance in any such proceedings; that in consequence the state taxing officers were without jurisdiction to assess the tax and that any collection is an infringement of the Fourteenth Amendment. Second, that the decree of the state court, so far as it purports to adjudicate any right of the state to satisfy the tax liability out of lands of appellants within the state other than those upon which the tax was assessed, or to impose upon appellants any personal liability for the tax, is likewise a violation of due process.

■ Section 3122 of the Mississippi Code of 1930 declares that every lawful tax is a debt for the recovery of which an action may be brought in the state courts " and in all actions for the recovery of ad valorem taxes the assessment rolls shall only be prima facie correct." In construing and applying this section in the present case, the state court held that the tax, recovery of which it

allowed, was a debt collectible by suit. But as the statute makes the assessment roll only prima facie correct, the court, following its decision in *George County Bridge Co.* v. *Catlett,* 161 Miss. 120; 135 So. 217, ruled that it is open to a defendant, in such a suit, to assail the correctness and legal sufficiency of the assessment; that it is the proceeding in court and not the assessment which finally fixes the liability to pay the tax, and since appellants had appeared in the suit and had had full opportunity to be heard before the decree was rendered upholding the assessment, there was no denial of due process.

Accepting, as we must, this construction of the laws of the state by its highest court, they infringe no constitutional limitation. There is no constitutional command that notice of the assessment of a tax, and opportunity to contest it, must be given in advance of the assessment. It is enough that all available defenses may be presented to a competent tribunal before exaction of the tax and before the command of the state to pay it becomes final and irrevocable. *Wells, Fargo & Co.* v. *Nevada,* 248 U.S. 165; *Bristol* v. *Washington County,* 177 U.S. 133, 146; *McMillen* v. *Anderson,* 95 U.S. 37; see *American Surety Co.* v. *Baldwin,* 287 U.S. 156, 168.

■ The question remains whether the state, in conformity with due process, may declare the tax, lawfully assessed upon one tract of appellants' land, a debt collectible from other property of theirs within the state and from the appellants themselves by a judgment *in personam.* It can no longer be questioned that a state may collect taxes, assessed against one parcel of property within its jurisdiction, from other parcels within the state, owned by the same person, though he be a nonresident. *Scottish Union & National Ins. Co.* v. *Bowland,* 196 U.S. 611, 632; *Bristol* v. *Washington County, supra,* 145; compare *Marye* v. *Baltimore & Ohio R. Co.,* 127 U.S. 117, 123–124; see *Iowa* v. *Slimmer,* 248 U.S. 115, 120. To

that extent at least the power of the state over the property within its bounds may be exerted to affect the interest of the common owner. The power to collect the tax from property within the state is always exercised at the expense of the owner, even though a nonresident, and an obligation *in rem* is thus imposed on his ownership, which is within the control of the state because of the presence there of the physical objects which are the subject of ownership. As it is an incident of property that it may be made to respond to obligations to which its owner may be subject, no want of due process is involved in satisfying an obligation imposed upon the ownership of one item of property by resort to another which is subject to the same ownership.

Here the suit was brought to compel payment of the tax out of the attached property. The end sought was the same as that constitutionally achieved in *Scottish Union & National Ins. Co.* v. *Bowland, supra,* by distraint upon the nonresident's property to satisfy a tax assessed upon other property within the taxing state, and is equally free from constitutional objection. By giving their bond to release the attachment, the appellants have voluntarily substituted their personal liability on the bond for the liability which might otherwise have been satisfied from the attached property. As the tax, payment of which is decreed, is less than the amount of the bond, it is only this personal liability upon the bond which the state seeks to enforce here.

It is unnecessary to decide the different question with respect to appellants' personal liability to pay the tax which would be presented if the decree had exceeded the amount of the bond, or if appellants had appeared and defended the suit without giving bond or securing release of the attachment. See *Dewey* v. *Des Moines,* 173 U.S. 193; *Scottish Union & National Ins. Co., supra,* 632. Compare *York* v. *Texas,* 137 U.S. 15.

*Affirmed.*