# PIERCE v. SUBMARINE SIGNAL CO.
## No. 4663.

District Court, D. Massachusetts.
Jan. 5, 1939.

David Rines, of Boston, Mass., for plaintiff.

Fish, Richardson & Neave and Ezekiel Wolf, all of Boston, Mass., for defendant.

SWEENEY, District Judge.

This is an action wherein the plaintiff seeks recovery for alleged infringement of certain patents. Interrogatories have been filed to which some answers have been made by the defendant. On August 29, 1938, the defendant filed objections to certain of the interrogatories, and these objections are now before me for decision. On December 7, 1938, the defendant filed a motion for summary judgment under Rule 56(b), 28 U.S.C.A. following section 723c, which is accompanied by certain supporting affidavits. The plaintiff has filed counter-affidavits. I will first dispose of the objections to the plaintiff's interrogatories, as a decision on these will affect the defendant's right to a summary judgment.

Objections to interrogatories numbered 1(a), 2, 4, 6(a), 7, 9, 11, 13(a), 14, 16, 18(a), 19, 21(a), 22, 24(a), 25, 27(a), 28, 30(a), 31, 33(a), 34, 36(a), 37, 39(a), 40, 42(a), 43, 45(a), 46, 48(a), 49 and 51, are that these interrogatories relate to apparatus alleged to have been manufactured and/or sold to the United States, and that under 35 U.S.C.A. § 68 sole and exclusive jurisdiction is vested in the Court of Claims, and that this Court has no jurisdiction to proceed either with the suit so far as it affects these claims or to compel answer to the interrogatories. I find that these interrogatories do refer to articles manufactured and/or sold to the United States. The plaintiff contends that 35 U.S.C.A. § 68 is, first, unconstitutional, and, second, if constitutional, that it does not apply to interrogatories filed in aid of a suit to be brought later in the Court of Claims.

I can see nothing in the plaintiff's contention that the action of Congress in restricting suits involving the United States to the Court of Claims is in any way unconstitutional. While it may have deprived the plaintiff of a right previously given to bring suit against the manufacturer in the District Courts, nevertheless, when it withdrew such right, it provided an equal right in the form of an action against the United States in the Court of Claims for the recovery of his reasonable and entire compensation for such use and manufacture. There has been no taking of the plaintiff's property, either without due process of law, or without adequate compensation. It is presumed that Congress in passing this statute intended to give the owner the equivalent of what it took away. Richmond Screw Anchor Co. v. United States, 275 U.S. 331, 48 S.Ct. 194, 72 L.Ed. 303.

There is no necessity for entertaining the interrogatories in this Court as an aid to an action which may or may not be brought in the Court of Claims, since the Court of Claims provides under its rules for the disclosure of the information sought to be elicited here. Since the action involves articles manufactured for the United States and for the national defense, it should be subject to more or less secrecy, and the Court of Claims would be in a better position to pass upon interrogatories affecting the action before it than this Court would be. I therefore sustain the objections to the interrogatories which in any manner inquire into the description, identification, or use of the articles which are manufactured for or sold to the United States.

As to those matters which appear from the bill and pleadings to be manufactured for use by persons other than the United States Government or its departments, I think that the objections should be treated otherwise.

The defendant objects to interrogatories numbered 5, 10, 12, 17 and 52, because they call for facts based upon an opinion to be made and acted upon by the defendant. Ordinarily, "fishing excursions" for the purpose of making out a case are frowned upon. See Carpenter v. Winn, 221 U.S. 533, 540, 31 S.Ct. 683, 55 L.Ed. 842. Where, however, the plaintiff satisfies the Court that he has good reason to believe that the defendant is violating the plaintiff's rights, a broader latitude should be allowed in compelling disclosure by the defendant. I am satisfied that this action was not brought without belief and good cause to believe that the defendant

was infringing the plaintiff's patent rights. If the answer to interrogatory 1(b) brings a denial that the defendant manufactures the so-called Dorsey Fathometer, there can be no harm done to the defendant by compelling it to answer interrogatory 5 by disclosing the blueprints, drawings and description of the apparatus that it does make which the defendant considers to be most nearly like the Dorsey Fathometer. If in fact it is an instrument that the plaintiff contends infringes his patent, then the parties are sooner at issue. If in fact it nowise could be contended to be an infringement of the plaintiff's patent rights, no harm has come to the defendant, and the matter will probably be at an end.

Interrogatory 5, taken in connection with 1(b), is illustrative of most of the objections filed. The objections to the following interrogatories are overruled and the defendant is ordered to answer them: 5, 10, 12 and 17.

■ Interrogatory 52, if it can be termed an interrogatory, seeks a disclosure by the defendant to a scientist designated by the plaintiff of all of the underwater signalling equipment manufactured by it and sold to parties other than the United States. What the plaintiff really seeks here is an inspection under Rule 34, 28 U.S.C.A. following section 723c, of objects or tangible things constituting or containing evidence of material to a matter involved in his action. If interrogatory 52 is treated as a request for such an examination, it is defective in that it seeks an inspection of the defendant's products which is too broad and sweeping, and does not designate with sufficient particularity the objects which he wants to examine, nor does he make any showing that all of the matters that he wants to inspect constitute or contain material evidence. I am of the opinion that the objection to interrogatory 52 is well-founded, and it is sustained.

■■ The motion for summary judgment must be denied in view of the holding that this Court has no jurisdiction over a suit involving articles manufactured for the United States Government. That portion of the bill, however, that refers to articles manufactured for the United States is dismissed under Rule 12(h) (2), 28 U.S.C.A. following section 723c. I would suggest that the plaintiff file a substituted declaration covering the matters retained.