Werner C. VON CLEMM, Plaintiff,

v.

Elizabeth R. SMITH, Treasurer, and Robert F. Kennedy, Attorney General of the United States, Defendants.

United States District Court
S. D. New York.
April 10, 1962.

John F. Nixon, New York City, for plaintiff.

Robert M. Morgenthau, U. S. Atty. (Arthur S. Olick, Asst. U. S. Atty., New York City; Carl F. Goodman, Attorney, Department of Justice, Washington, D. C., of counsel), for defendants.

RYAN, Chief Judge.

Plaintiff, an American citizen, on June 23, 1959 filed this suit to recover certain German Government bond coupons vested by the Alien Property Custodian, which he claims he owns. (Trading with the Enemy Act, as amended, 50 U.S.C.A. Appendix § 1 et seq.) Jurisdiction is predicated under Section 9(a) of the Act. Defendants by answer have denied the alleged non-enemy status of plaintiff and his ownership of the coupons.

Plaintiff, urging that there is no genuine factual issue, has moved for summary judgment. Defendants have cross-moved for summary judgment, contending that the Court is without jurisdiction over the subject matter because the suit is time-barred by Section 33 of the Act.

Plaintiff alleges that in 1932 he purchased in the United States $80,000 face value of German Government 5½% bonds (1930) with coupons attached, and that he later deposited them in a personal account at Credit Suisse, a Swiss banking company located at Zurich, Switzerland. This suit involves 320 coupons detached from these bonds and representing interest for the years 1939 and 1940.

The following appears undisputed. Sometime prior to July 9, 1951 (plaintiff claiming July of 1941), the coupons in suit were sent to plaintiff from Switzerland and were seized by United States Customs officials upon entry. The 320 coupons were subsequently turned over to the Alien Property Custodian and were vested by him on July 9, 1951 (Vesting Order No. 18136, Federal Register, July 14, 1951; 16 F.R. 6812). On August 28, 1951, plaintiff filed a claim (No. 59625) for the return of the coupons; the claim was disallowed on July 24, 1957; there was no formal hearing; on July 25, 1957 notice of disallowance was sent plaintiff by registered mail.

Following inquiry by plaintiff, he was informed on August 5, 1957 by letter that his claim had been disallowed pursuant to an office policy that, where a claim was found to be not clearly entitled to allowance, a claimant, whose right to sue under Section 9(a) of the Act was not barred by the lapse of time, was left to his remedy in Court. This procedure avoided the possible delay and expense of a double set of hearings. This policy was promulgated on April 11, 1957 in an amendment to the claims regulations (22 F.R. 2656). No further procedural action was attempted by plaintiff until June 23, 1959 when he filed the instant suit.

Section 33 of the Act provides for the period of limitation within which a suit under Section 9 of the Act must be filed. Suit must be commenced within 2 years from the date of the seizure by or vesting in the Alien Property Custodian of the property affected, whichever is later. It provides, however, that any period during which there is a suit or a claim pending for return pursuant to Sections 9 or 32(a) of the Act, is tolled and not included in the two year period of limitation.

Defendants contend that the disallowance of the plaintiff's claim (No. 59625) by the Director of the Office of Alien Property was a final dismissal of the claim before that office and that the period of limitation (Section 33 of the Act) which was tolled during the pendency of plaintiff's claim, started to run again from July 24, 1957, the date of the Order of Disallowance; and that this suit was time-barred on the date it was filed.

Plaintiff urges that the Section 33 period of limitation was still effectively tolled at the time of the filing of this suit because plaintiff's claim (No. 59625) was still pending and undetermined. Plaintiff contends that the order of the Director disallowing the claim "upon consideration of the claim and the files pertaining thereto" without notice, without a hearing and without any right of appeal or review was not a final determination or dismissal of his claim before the Office of Alien Property, within the meaning of Section 33 of the Act.

Thus, the determinative question presented by defendant's motion for summary judgment is whether the disallowance of the plaintiff's claim by the Director was a dismissal and such final action as to terminate the pendency of the plaintiff's claim. If it be held that it was, the instant suit would have been barred when filed. Certainly, if plaintiff was entitled to an administrative hearing or review of the order of disallowance, his claim was not finally dismissed and would have been pending when this suit was filed for plaintiff was afforded neither a hearing on his claim nor a review of the order of disallowance.

If plaintiff had any procedural right to an administrative hearing on August 28, 1951 when his claim was filed, he lost it while the claim was pending unheard by the amendment of April 11, 1957 to the rules of procedure governing the Office of Alien Property (22 F.R. 2656). This amendment excluded plaintiff's claim from the definition of "Title Claim" (Sec. 502.2(e), Title 8 of CFR) under which

plaintiff had filed his claim six years before and thus from a right to an administrative hearing.

■■ It is plaintiff's contention that this amendment to the procedural rules could not deprive him of his right to a hearing. This contention would be valid if considerations of due process or of the provisions of the Act, under which plaintiff had filed his claim, assured to plaintiff a right to an administrative hearing. The requirements of due process are fully satisfied if a proper hearing is available before either a court or the administrative agency.[1] The plaintiff's right to file a *de novo* suit under Section 9(a) of the Act fully satisfies this requirement.[2]

Likewise, the provisions of the Act did not grant to the plaintiff an administrative hearing. In fact, no agency proceeding or determination is required by the Act and suit may be instituted even prior to the exhaustion of available administrative remedies. If plaintiff has lost his right to a hearing on his claim, it is because of his failure to file his complaint within the period set by Section 33 of the Act, and he has not been unlawfully deprived of any constitutional or substantive right.

While the rules of procedure in effect at the time plaintiff's claim was disallowed, provided for a review of a Hearing Examiner's decision (Section 502.23 of Title 8 of C.F.R.), there was then and is now no provisions for review of the order disallowing a claim in the case of non-excepted claims. Here the Director, when rendering the dismissal order, was not sitting as a Hearing Examiner. A

---

1. Hagar v. Reclamation District, No. 108, 111 U.S. 701, 4 S.Ct. 663, 28 L.Ed. 569; Stoehr v. Wallace, 255 U.S. 239, 41 S.Ct. 293, 65 L.Ed. 604; Nickey v. State of Mississippi, 292 U.S. 393, 54 S. Ct. 743, 78 L.Ed. 1323; Opp Cotton Mills v. Administrator, 312 U.S. 126, 61 S.Ct. 524, 85 L.Ed. 624; Ewing v. Mytinger & Casselberry, 339 U.S. 594, 70 S.Ct. 870, 94 L.Ed. 1088; Lichter v. United States, 334 U.S. 742, 747, 68 S.Ct. 1294, 92 L.Ed. 1694; Jordan v. American Eagle Fire Ins. Co., 83 U.S.App.D.C. 192, 169 F.2d 281.

These cases, in effect, hold that where there is an absence of an administrative hearing, there is no denial of due process where either a *de novo* judicial review or trial is available before the Government's action becomes final.

2. The disallowance by the Director in the present case did not deprive plaintiff of his right to contest, by way of a hearing, the finality of the vesting of the property for he could seek, as part of the statutory scheme of the Trading with the Enemy Act a *de novo* trial under Section 9(a).

reading of the rules of procedure governing claims indicates quite plainly that the decision of the Director, acting solely as a Director, with respect to non-excepted claims is the decision of the Office of Alien Property and not subject to review. The right to review the Director's order is not guaranteed by any provision of the Act. We find no denial of due process in the failure to provide opportunity for an administrative review.[3]

Plaintiff seems to argue that the failure of the Director to give plaintiff notice before he issued his order of disallowance took from the order the finality necessary to terminate his claim. Nowhere, however, in the rules of procedure governing claims is there a requirement that the Director must give notice to the claimant with respect to a non-excepted claim before his final decision becomes effective. Since the Director's order here was final and not subject to review, notice would not be protective of any further administrative remedy of the claimant. Due process would, however, require that the claimant be informed of the disallowance of his claim in order to put him on notice that the tolling provisions set forth in Section 33 of the Act had expired with the dismissal of his claim. Such a notice was duly given on July 25, 1957 to the plaintiff by registered mail pursuant to Section 502.20 of Title 8, C.F.R.

Plaintiff's contention that a Hearing Examiner in a different claim proceeding in April of 1959 revived the pendency of plaintiff's claim No. 59625 is not sustainable. Claim No. 59625 was not docketed for a hearing and thus the Hearing Examiner did not have authority to make any findings regarding the claim. The Director's order of disallowance of July 24, 1957 was a final dismissal of plaintiff's claim (No. 59625) and the period of limitation provided for in Section 33 of the Act, which was tolled during the pendency of plaintiff's claim, started to run again from the date of the disallowance. We find that this suit was barred by the lapse of the statutory period on the date it was filed.[4]

Plaintiff by affidavit asserts that the present suit was commenced on or about August 14, 1958 without indicating the basis for this date. The record shows that this suit was commenced on June 23, 1959 when the complaint was filed in this suit and this is determinative where the claim, as here, is based on a right created by federal law.[5]

Defendants assert that this suit, not commenced within the prescribed period of Section 33 of the Act, is an unconsented suit against the United States, in which this Court lacks jurisdiction over the subject matter. A defense of the statute of limitations is peculiarly suitable as a basis for summary judgment. It has been held, however, that this procedure does not properly apply to jurisdictional issues which normally are matters in abatement rather than in bar of a future action and, therefore, should be raised by a motion to dismiss or on the responsive pleading.[6] This rule is not applicable here; this is an unconsented suit against the United States, it is barred in any and all Courts.

Plaintiff's motion for summary judgment must be denied.

Defendants' motion for summary judgment is granted and the complaint is hereby dismissed. The Clerk is directed to enter judgment of dismissal forthwith.

3. Pittsburgh, C., C. & St. L. Ry. Co. v. Backus, 154 U.S. 421, 14 S.Ct. 1114, 38 L.Ed. 1031.

4. Suit filed June 23, 1959
  Vesting Order July 9, 1951
  Claim filed August 28, 1951
  Order of Disallowance July 24, 1957
  Time—July 9, 1951 to August 28, 1951 =
      50 days

  July 24, 1957 to June 23, 1959 =
      1 yr. 10 mo. 29 days

5. Bomar v. Keyes, 162 F.2d 136 (C.A. 2).

6. Jones v. Brush, 9 Cir., 143 F.2d 733; Pierce v. Submarine Signal Co., D.C., 25 F.Supp. 862.