**Malvin R. FREEMAN, Plaintiff,**

**v.**

**Wilbur J. COHEN, Secretary of Health, Education and Welfare, Defendant.**

**Civ. A. No. 68–346**

United States District Court
D. South Carolina,
Anderson Division.

Oct. 9, 1968.

**320**

John Bolt Culbertson, Greenville, S. C., for plaintiff.

Klyde Robinson, U. S. Atty., Thomas F. Batson, Asst. U. S. Atty., Greenville, S. C., for defendant.

### ORDER

SIMONS, District Judge.

This action was brought by plaintiff under section 205(g) of the Social Security Act, 42 U.S.C.A. § 405(g) which reads as follows:

> "Any individual, after any final decision of the Secretary made after a hearing to which he was a party, * * * may obtain a review of such decision by civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow. * * * Such action shall be brought in the district court of the United States * * *. The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying or reversing the decision of the Secretary, with or without remanding the cause for a rehearing. The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive * * *. The court * * * may, at any time, on good cause shown, order additional evidence to be taken before the Secretary * * *."

Presently before the court is defendant's motion to dismiss on the grounds that the court lacks jurisdiction over the subject matter, and that the plaintiff fails to state a claim upon which relief can be granted. The court has before it the entire record and the affidavit of James H. Nease, Acting Chairman of the Appeals Council and Acting Director of the Bureau of Hearings and Appeals.

Defendant contends that there is no right to appeal as there has been no hearing which is a prerequisite to judicial review under the statute (42 U.S.C. § 405(g)) and that accordingly this court has no jurisdiction.

There is considerable conflict as to the reviewability of the Secretary's decisions. Some cases hold that plaintiff's rights are governed exclusively by the statute, and that any review must be in accordance with the statute as promulgated by the Congress. (Hobby v. Hodges, 215 F.2d 754 (10th Cir. 1954)). In this case under the *Hobby* doctrine the language of the statute would control. "It is only after the hearing that the individual may obtain a court review." Hobby v. Hodges, supra, at p. 757.

> "The statute does not give the district court power to treat the complaint as a mandamus action against the Administrator or to hold a hearing and determine the merits of the claim. The determination of claims is solely a function of the Administrator. * * * It is urged that if a prior hearing is jurisdictional to a court action the Administrator may defeat the statutory right of review by denying the request for a hearing. The immunity rule in many instances may appear to be harsh, but it is well settled that without specific statutory authority, an individual has no right of action against the United States in the courts even though the statute creates rights of the individual against the United States. Congress may create rights without providing a remedy in the courts. * * * It is for Congress alone to say how the rights which it creates shall be enforced, and when one remedy is specified it normally excludes the other. * * * It may withhold all remedy, or it may provide an administrative remedy only and make it exclusive." Hobby v. Hodges, 215 F.2d 754, 757.

*Hobby* would support the Secretary's contention, but Cappadora v. Celebrezze, 356 F.2d 1 (2nd Cir. 1966) is contra. There the court stated:

> "[T]he reasonable reading of § 405(g) is that it was intended to apply to a final decision rendered after a hearing thus made mandatory, not to a decision which could lawfully have been made without any hearing at all

and in that event plainly would not have come under the terms of the section."

In *Cappadora* the court further stated:

"To be sure, a wrongful denial of a hearing on the merits would not fall within the terms of § 405(g). But turning to § 10 of the APA, we think it would be wholly unreasonable to read §§ 405(g) and (h) to 'preclude' review of an unlawful refusal of an initial hearing on the merits for which Congress provided and which, if held, would result in an order reviewable under the statute; and such a decision not only was not 'committed to agency discretion' but was taken out of its hands by the statutory requirement that a hearing be granted upon timely and sufficient request."

■ This court is not disposed to say that in all cases there can be no review until a hearing has been held for there may be instances where review would be appropriate under the Administrative Procedure Act.

Plaintiff first filed an application for a period of disability and disability benefits on April 5, 1961. This application resulted in a hearing in Greenville, South Carolina on April 24, 1962. As a result of such hearing the hearing examiner rendered a decision denying plaintiff's claim on October 12, 1962. Plaintiff did not file a request for review of the hearing examiner's decision. Plaintiff filed a second application for disability benefits on June 6, 1963, after which a second hearing was held in Anderson, S. C. on March 11, 1965. Such hearing resulted in a decision that no cause had been shown to reopen the hearing examiner's decision of October 12, 1962. Such decision was dated March 16, 1965. On January 30, 1967, plaintiff alleging disability as of 1961 filed his third application for disability benefits, and on January 22, 1968 the hearing examiner of the Bureau of Hearings and Appeal issued an order dismissing plaintiff's request for hearing upon the basis of *res judicata*. Such decision was found to be correct by the Appeals Council on February 23, 1968. At the time of his first application plaintiff's earnings requirement was last met on September 30, 1952 and that date has continued to be the last date he met the earnings requirement.

. In the hearing examiner's decision of October 12, 1962, it is stated:

"After a careful consideration of all the evidence, the hearing examiner is constrained to find that while the claimant had a medically determinable impairment in 1946, it improved with treatment and he was discharged from the hospital in 1948. His work and other activities thereafter demonstrated that he had the physical ability to engage in substantial gainful activity. The medical evidence does not show the claimant's tuberculosis was continuously *severe* as of September 30, 1952 when he last met the earnings requirement, and continuing thereafter up until April 5, 1961, the date of filing his disability application, and the hearing examiner so finds." (Emphasis added).

Such decision specifically finds that plaintiff's condition was not sufficiently severe to prevent him from engaging in substantial gainful activity. On the same day that the hearing examiner rendered his decision of October 12, 1962, she mailed a copy of her decision to the plaintiff together with a Notice of Decision which advised him of his right to review by the Appeals Council as follows:

"If you disagree, in whole or in part, with the attached decision of the Hearing Examiner on your claim under title II of the Social Security Act and wish the Appeals Council to review it, you must request review within 60 days from the date shown below (October 12, 1962). Request for Review may be filed by you (or on your behalf by your representative) at the nearest District Office of the Bureau of Old-Age and Survivors Insurance, with the Hearing Examiner, or with the Appeals Council of the Social Se-

curity Administration. If you do not file a timely and proper Request for Review by the Appeals Council, you may not obtain a judicial review of the 'final decision' under section 205(g) of the Social Security Act, as amended."

The record fails to reveal that plaintiff filed a timely request that the Appeals Council review the hearing examiner's decision, or that he applied for an extension of time in which to file such request. Thus, the decision of Hearing Examiner Helen H. Dodge became the final administrative decision with respect to the plaintiff's application filed on April 5, 1961. Plaintiff complains that he has been treated unfairly. To the contrary a reading of the transcript of the second hearing shows that the hearing examiner gave plaintiff every opportunity to present some evidence by which he would be justified in reopening the prior 1962 decision. Such evidence was not forthcoming.

The Social Security Administration Regulations (Title 20, § 404.937 of the Code of Federal Regulations), provide that a request for a hearing may be dismissed, either entirely or as to any stated issue, on the basis of *res judicata*. *Res judicata* is defined in the same regulations, section 404.937(a) (20 CFR 404.937(a)) as follows:

"Where there has been a previous determination or decision by the Secretary with respect to the rights of the same party on the same facts pertinent to the same issue or issues which has become final either by judicial affirmance or, without judicial consideration, upon the claimant's failure timely to request reconsideration, hearing or review, or to commence a civil action with respect to such determination or decision * * *."

The Social Security Regulations further provide that where a hearing examiner has made a decision or dismissed a request for hearing, any party thereto may request the Appeals Council to review such decision or dismissal. (20 CFR 404.945).

The Appeals Council may deny a party's request for review or it may grant review and either affirm or reverse the hearing examiner's decision. The decision of the Appeals Council, or the decision of the hearing examiner where the request for review of such decision is denied, shall be final and binding upon all parties to the hearing unless a civil action is filed in a district court of the United States, as provided in section 205(g) of the Act, or unless the decision is revised in accordance with section 404.956 of the regulations. (20 CFR 404.951).

An initial or reconsidered determination of the Social Security Administration or a decision of a hearing examiner or the Appeals Council which is otherwise final under section 404.951 may be reopened within four years after the date of the notice of the initial determination upon a finding of good cause. Good cause shall be deemed to exist where new and material evidence is furnished after notice to the party to the initial determination. (20 CFR 404.956 and 404.957).

In this instance plaintiff failed to appeal the original decision and no good cause was found to reopen that decision after plaintiff filed his second application.

■ Plaintiff's third application filed January 30, 1967 was dismissed without a hearing on the grounds of *res judicata* which was entirely within the authority of the Secretary of Health, Education and Welfare.

Plaintiff asserts that since his case was never heard in the District Court he has been denied due process and that *res judicata* is inapplicable.

■ The opportunity for a hearing, as is provided by section 205(b) of the Social Security Act, 42 U.S.C. § 405(b), fully satisfies "due process" requirements even in instances where "the right involved" is a constitutionally protected right. Hagar v. Reclamation District, 111 U.S. 701, 704, 4 S.Ct. 663, 28 L.Ed. 569 (1884); Nickey v. State of

Mississippi, 292 U.S. 393, 54 S.Ct. 743, 78 L.Ed. 1323 (1934); Ewing v. Mytinger & Casselberry, 339 U.S. 594, 70 S.Ct. 870, 94 L.Ed. 1088 (1950); Reed v. Franke, 297 F.2d 17 (4th Cir. 1961). Although by plaintiff's failure to appeal he never had a "hearing" in the federal court, he was afforded two hearings by the Social Security Administration on his first and second applications.

There must be an end to litigation at some point. Were it not so this court would be unable to do anything other than Social Security Appeals for the courts of this district are required to consider a steady stream of Social Security Appeals.

 Whether the affirmance of the hearing examiner's last decision on February 23, 1968 could be considered the final decision of the Secretary after hearing and appropriate for appeal is neither here nor there, for plaintiff would not have been entitled to any relief upon the question which he desired to have reconsidered because there had been a determination of this question in 1962, which became final, and it could not be revived by subsequent application for a hearing upon the same question.

In fact, this case should be dismissed without further ado on the record itself. Plaintiff's brief concedes that plaintiff last met the earnings requirement under the Social Security Act on September 30, 1952. On page 19 of the record, a reproduced copy of the application for disability insurance benefits by plaintiff contains a statement that the onset of his disability was in 1961, approximately eleven years after he met the earnings requirement.

Plaintiff has suffered from tuberculosis for a number of years. It was first diagnosed in May 1946 when he was being examined for military service. Since that time he has been in and out of hospitals with flareups of that disease. In each of his applications tuberculosis has been alleged to be the disabling factor.

"The 1965 amendments have not altered the requirement that a claimant must establish that he has become 'disabled' prior to the expiration of his insured status. * * * [T]he 1965 amendments only alter the period of time that a disability, if established, must be likely to endure before the plaintiff was entitled to benefits; but that they did not change the required severity of the physical or mental impairments constituting 'disability,' as distinguished from their duration." James v. Gardner, 384 F.2d 784 (4th Cir. 1967).

The hearing examiner's decision of October 12, 1962 expressly found plaintiff's impairment not sufficiently severe to prevent his engaging in substantial gainful activity. Thus, 1965 Amendments cannot benefit him. The matter is *res judicata* and the Secretary's action is affirmed.

And it is so ordered.