ENRIQUE UBARRI BLANES, Petitioner and Appellant, *v.* RACING BOARD OF PUERTO RICO, Respondent and Appellee.

No. O-67-67.     Decided December 17, 1968.

*Rafael Baragaño Diez* for petitioner. *G. Bobonis Díaz* for respondent.

Second Division composed of Mr. Justice Hernández Matos, as Chief Judge of Division, Mr. Justice Santana Becerra, Mr. Justice Dávila, and Mr. Justice Torres Rigual.

MR. JUSTICE TORRES RIGUAL delivered the opinion of the Court.

The Racing Administrator of Puerto Rico ordered petitioner to pay a fine of $500 and withdrew his approval of the appointment to act as Enrique Ubarri Acosta's attorney-in-fact. The Racing Administrator's action was based on the fact that petitioner incurred an undesirable practice in attacking the official veterinarian because the latter had suspended a racehorse property of Ubarri Acosta.[1]

---

[1] Section 1001, subdivision 18 of the Horse Racing Regulations declares as undesirable practice the following:

"(18) To fight, breach the peace, be disorderly and to conduct oneself in any improper or undesirable manner in the premises of the race track." 15 R.&R.P.R. § 186–1001.

Petitioner appealed to the Racing Board challenging the action of the Administrator on the ground that the latter had not previously held a hearing. The Board, after serving notice to that effect, held a hearing at which petitioner appeared assisted by counsel. At said hearing the Racing Administrator presented oral and documentary evidence to show just cause. Petitioner cross-examined appellee's witnesses, but did not present oral evidence[2] adopting the position that the function of the Board was limited to deciding whether or not the Administrator had complied with the requirement of determining just cause prior to a hearing. The Board affirmed the Racing Administrator's action concluding, in the light of the evidence presented, that the latter had acted with just cause.

Petitioner then resorted to the trial court by certiorari alleging as error that the determination of just cause was made by the Board and not by the Racing Administrator, which was the one called upon to do so, pursuant to § 228 of the Horse Racing Regulations. His contention did not prevail in the Superior Court nor can it prevail in this Court.

Petitioner's contention mainly relies on the premise that the Racing Act or the requirements of the due process provide for a hearing by the *Administrator*. We do not agree. Neither the Racing Act nor its Regulations require the Administrator to hold a hearing to withdraw the appointment of an attorney-in-fact. The due process does not require either that the hearing necessarily be held before the Administrator.

Section 7 of the Racing Act provides that in order to cancel the licenses granted by the Administrator, the latter shall accord the person aggrieved an opportunity to be heard in his defense. 15 L.P.R.A. § 187. The Administrator, by

_____

[2] From the minutes of the hearing before the Racing Board it appears, however, that petitioner presented documentary evidence.

provision of said section, grants license for horse owners, jockeys, trainers, grooms, or any other type of license in connection with the racing sport, with the exception of licenses of racetracks[3] the granting of which corresponds to the Racing Board. 15 L.P.R.A. § 186. The Administrator does not grant any license to the attorney-in-fact. He only grants it to the owner. The attorney-in-fact merely exercises the rights, powers, and privileges of the owner's license. 15 R.&R.P.R. § 186–231.[4] The owner is the one who appoints the attorney-in-fact, not the Administrator. The latter only approves the appointment of the attorney-in-fact, which he may withdraw for just cause. The withdrawal of the approval of the appointment of the attorney-in-fact is not governed by the provisions of § 7, *supra*, which specifically requires the Administrator to hold a hearing for the cancellation of a license. It is governed by § 228 of the Horse Racing Regulations, which merely provides that the *approval* of the Administrator may be withdrawn for just cause.[5]

---

[3] Section 7, insofar as pertinent reads:

"The Administrator . . . shall have . . . powers:

(2) To grant, temporarily suspend, or permanently cancel the licenses of horse owners, jockeys, trainers, grooms, or any other type of license in connection with the racing sport, with the exception of race-track licenses . . . ; Provided, That in order to cancel permanently any such license the Administrator shall accord the person aggrieved an opportunity to be heard in his defense either in person or through counsel."

A similar provision is contained in § 221 of the Horse Racing Regulations:

"Every license granted by the Administrator may be temporarily suspended or cancelled by him for just cause; Provided, That to cancel a license, he must proceed by a complaint and afford the licensee an opportunity to be heard in his defense, in proper person or with assistance of counsel." 15 R.&R.P.R. § 186–221.

[4] "Whenever the owner has appointed an attorney in fact, the latter alone may exercise the rights, powers and privileges conferred and acknowledged by the owner's license; Provided, That an owner may act if his attorney in fact is absent."

[5] Section 228 provides:

"The owner may be represented by an attorney in fact whose appointment must receive the approval of the Administrator who may withdraw it for just cause."

15 R.&R.P.R. § 186–228. Unlike the provisions of § 7 of the Racing Act and § 221 of the Regulations,[6] § 228 does not specifically require the holding of a hearing by the Administrator for the withdrawal of the approval of an appointment of an attorney-in-fact.

■ It is unnecessary to decide whether the constitutional guarantee of the due process of law requires the holding of a hearing for the withdrawal of the approval of the appointment of an attorney-in-fact. This is so, because the hearing was held before the Racing Board, impartial entity which guaranteed petitioner the opportunity to be heard, to challenge the grounds of the Administrator, to examine the witnesses, and to present evidence. He partially availed himself of said opportunity arguing his legal contentions, cross-examining witnesses, and presenting documentary evidence; but he refused to avail himself of the hearing to present oral evidence.

■ Petitioner's contention in the sense that the due process of law requires that the hearing be held before the Administrator and not before the Racing Board lacks merit. The due process of law does not necessarily require a hearing before a specific officer or at the initial stage of the proceeding. *Opp Cotton Mills* v. *Administrator*, 312 U.S. 126 (1940). It suffices that the hearing be held—as it was done in this case—at any stage of the proceeding before the order or the decision of the Administrator becomes effective. *Nickey* v. *Mississippi*, 292 U.S. 393 (1934); Davis, *The Requirement of Opportunity to be Heard in the Administrative Process*, 51 Yale L.J. 1093; Davis, Administrative Law Treatise, § 7.10 (1958). *Cf. Belmonte* v. *Mercado Reverón, Admr.*, 95 P.R.R. 250, 253 (1967).

The writ issued will be quashed and the judgment rendered by the trial court affirmed.

---

[6] See footnote 3.