reimburse her counsel for the cost of litigation. This information, according to U.S. Life, bears upon whether Mrs. Moll will "fairly and adequately protect the interests of the proposed class," pursuant to Fed.R. Civ.P. 23(a). The ability of a class representative to defray the cost of litigation is a relevant factor in the court's determination of the representative's suitability. *See Gordon v. Hunt*, 98 F.R.D. 573, 579 (S.D. N.Y.1983); *Greene v. Emersons Ltd.*, 86 F.R.D. 47 (S.D.N.Y.1980); *Kamens v. Horizon Corp.*, 81 F.R.D. 444 (S.D.N.Y.1979). Although the courts in the above cited cases certified the representatives whose financial abilities had been challenged, the fact that the courts considered the plaintiff's finances indicates the relevance of the information for discovery purposes. Questions concerning the details of a plaintiff's finances are completely irrelevant to class certification only when "there are no factors present which cast doubt on plaintiff's ability to reimburse counsel (e.g. pending bankruptcy or evidence of financial distress)." *Kamens v. Horizon Corp.*, 81 F.R.D. at 446.

In this case, U.S. Life has raised questions regarding Mrs. Moll's ability to pay for the litigation. Under *Kamens,* the information is therefore relevant for discovery purposes and must be disclosed. Nevertheless, at her deposition, Mrs. Moll stated that she accepted ultimate liability for litigation expenses, and her counsel, Paul K. Rooney, has agreed to advance the costs as is permitted under Canon 5, Disciplinary Rule 5–103(B) of the Code of Professional Responsibility. Deposition transcript of Jeryl Moll annexed to Letter of Paul K. Rooney, September 23, 1986. Ultimately, these measures may well satisfy the Court's concern for the suitability of the class representative. *Kamens* at 447; *Brama v. Raybills Finance Corp.*, 85 F.R.D. 568 (W.D.N.Y.1979).

### Conclusion

In accordance with this memorandum and order, the non-party witnesses shall appear at deposition and may claim the Fifth Amendment privilege only with respect to particular answers that would provide incriminating information. The requested documents shall be made available to plaintiff's counsel within ten days of the date of this order. Defendant's request to depose Mrs. Moll regarding her financial status is granted.

SO ORDERED.

**CEDARS–SINAI MEDICAL CENTER, Plaintiff,**

v.

**REVLON, INC. and Armour Pharmaceutical Company, Defendants.**

**CEDARS–SINAI MEDICAL CENTER, Plaintiff,**

v.

**RORER GROUP, INC., Pantry Pride, Inc., Revlon, Inc., and Armour Pharmaceutical Company, Defendants.**

**Civ. A. Nos. 85–178–JLL, 85–699–JLL.**

United States District Court,
D. Delaware.

Jan. 7, 1987.

See also, D.C., 111 F.R.D. 24.

Richard D. Levin, Connolly, Bove, Lodge & Hutz, Wilmington, Del., Coe A. Bloomberg, Lyon & Lyon, Los Angeles, Cal., for plaintiff.

William J. Marsden, Jr., Potter, Anderson & Corroon, Wilmington, Del., Michael A. Dougherty, Morgan, Finnegan, Pine, Foley & Lee, New York City, for defendants Armour, Revlon & Pantry Pride, and Rorer Group.

## ORDER

LATCHUM, District Judge.

Having carefully considered plaintiff Cedars-Sinai Medical Center's motion (Docket Item ["D.I."] 171), and memorandum in support of its motion (D.I. 172), defendants Rorer Group's, Revlon's, and Armour Pharmaceutical's brief in opposition to the plaintiff's motion (D.I. 174), plaintiff's reply brief (D.I. 175), and the oral arguments of counsel, it is

ORDERED that plaintiff's motion to modify the protective order (D.I. 171) is hereby denied for the following reasons:

■ 1. The protective order mandates that the parties return all confidential materials, obtained through discovery, within 60 days after the termination of the action. (See D.I. 49 at ¶ 10.) Plaintiff requests that the Court modify this provision by directing the defendants' counsel to retain all of the documents the plaintiff returns to the defendants. The plaintiff wants the documents retained indefinitely and in a "central location," so that the plaintiff could reach the documents in the event they are needed in some future case. (See D.I. 172 at 2–3.) The plaintiff's request is unreasonable. The parties drafted the language of the protective order and submitted it to the Court as a stipulation. Thus the parties, and not the court, decided that the documents must be returned within 60 days. Having agreed to this method of returning the documents, the plaintiff may not choose another method at this late date, especially since this case has already been dismissed and is no longer before this Court.

2. The plaintiff failed to convince this Court of its need for the documents. There was no showing that the documents are, or will become, relevant to any other proceeding. Further, even if the documents do become relevant in a future case, the plaintiff could obtain all of the information to which it is entitled through the discovery processes of the court handling that case. Plaintiff insists that it may not be able to obtain these documents through discovery in some future case because the defendant may lose or destroy the documents. Plaintiff offers no facts in support of this conclusion. Moreover, all litigants face the possibility that discoverable documents may be lost or destroyed before they can be obtained. Plaintiff is in no worse of a position.

■ 3. Finally, this Court need not grant discovery requests for documents that have no bearing on any case presently before it simply because the document may one day prove to be relevant in another action, possibly in another court. *See Pierce v. Submarine Signal Co.,* 25 F.Supp. 862, 863 (D.Mass.1939) ("There is no necessity for entertaining the interrogatories in this court as an aid to an action which may or may not be brought in the Court of Claims."). If and when the doc-

uments become relevant to a future case, the court deciding that case should determine whether the plaintiff is entitled to them.

### Christine KENO, R.P.

v.

### Sally MVROS and Paul Sisk.

### Civ. A. No. 86–6726.

United States District Court,
E.D. Pennsylvania.

Jan. 9, 1987.

---

Christine Keno, R.P., pro se.

No Counsel of Record for defendant.

## MEMORANDUM AND ORDER

KATZ, District Judge.

Plaintiff has filed a civil rights complaint accompanied by a request to proceed *in forma pauperis*. Since it appears plaintiff is unable to prepay the cost for commencement of this suit, leave to proceed *in forma pauperis* is granted.

Plaintiff names as defendants Sally Mvros, the Clerk of the Third Circuit Court of Appeals, and Paul Sisk, that Court's Senior Staff Attorney. In her complaint, plaintiff mentions various New Jersey state and county officials, genocide, the banking industry, the City of Philadelphia's M.O.V.E. controversy, the pharmaceutical industry, the N.A.A.C.P., an interstate syndicate of judges, officials, and attorneys operating "one of the biggest Florida/New Jersey/United States 'inner circle' scams," and various crimes and conspiracies, all of which are somehow linked to the estate of plaintiff's late uncle.[1] Defendants Mvros and Sisk are alleged to have "used their positions as federal attorneys to block, obstruct, deny due process of each and every complaint filed against judges, officials, attorneys who have, and/or are stealing, robbing and/or embezzling the Estate, of the plaintiff's uncle, Reuben Floyd." Plaintiff requests twenty-five million dollars in compensatory damages from each defendant, and one hundred million dollars in punitive damages from each defendant. For the following reasons this complaint will be dismissed.

In evaluating complaints filed under 28 U.S.C. § 1915(d), *Proceedings in forma pauperis*, the court must make a determination as to whether the complaint makes a modicum showing of a claim for relief. *Daves v. Scranton*, 66 F.R.D. 5, 7 (E.D.Pa. 1975). *See also United States ex rel Walker v. Fayette County*, 599 F.2d 573, 575 (3d Cir.1979) (per curiam). Dismissal of this complaint pursuant to 28 U.S.C.

---

**1.** Plaintiff has unsuccessfully raised these claims previously in numerous suits filed in the District of New Jersey. *See Keno v. United*

*States of America*, No. 86–2706 (D.N.J. July 29, 1986).