**UNITED STATES of America, Plaintiff,**

v.

**F.A.G. BEARINGS, LIMITED, Defendant.**

**Court No. 84–7–01027.**

United States Court of International Trade.

Nov. 28, 1984.

Richard K. Willard, Acting Asst. Atty. Gen., David M. Cohen, Director, Commercial Litigation Branch, Washington, D.C. (A. David Lafer and Francis J. Sailer, Washington, D.C.), for plaintiff.

Heron, Burchette, Ruckert & Rothwell, Washington, D.C. (Thomas A. Rothwell, Jr. and John M. Dowd, Washington, D.C.), for defendant.

### Memorandum Opinion and Order

DiCARLO, Judge:

The plaintiff seeks to recover civil penalties under section 592 of the Tariff Act of 1930, as amended, 19 U.S.C. § 1592, as in effect prior to the amendments made by the Customs Procedural Reform and Simplification Act of 1978, Pub.L. 95–410, 92 Stat. 888 (the Reform Act or new law). Defendant is alleged to have made 293 entries using documents containing false statements from January 20, 1972 to January 3, 1977.

Administrative proceedings began with the issuance of a pre-penalty notice on January 31, 1978. A notice of penalty was issued on May 10, 1979, for the forfeiture value of the subject merchandise, $1,342,771.00. The defendant petitioned for remission, under section 618 of the Tariff Act of 1930, as amended, 19 U.S.C. § 1618 (1982), and the forfeiture claim was mitigated to $152,909. Defendant declined to pay that amount and plaintiff filed this suit on July 23, 1984.

Defendant now moves to dismiss the complaint for failure to state a claim for which relief can be granted, or, alternatively, for a more definite statement.

Defendant argues that the complaint fails to state a claim in that it: (1) does not state defendant's degree of culpability under 19 U.S.C. § 1592(e)(2)–(4) (1982); (2) does not state circumstances constituting fraud with the particularity required by Rule 9(b)[1]; (3) alleges that the merchandise was entered "by means of" the false statements and (4) does not contain a plain statement of the claim as required by Rule 8(a)(2). Alternatively, defendant claims it is entitled to a more definite statement pursuant to Rule 12(e).

The Court of International Trade is asked to construe, apparently for the first time, the transition rule of the Reform Act.[2] The transition rule provides that the judicial review provision of the Reform Act, subsection 1592(e),[3] becomes effective on the date of enactment, October 3, 1978, while all other provisions apply in actions

---

**1.** Rule 9(b) of this Court states in part:
   In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity.

**2.** Pub.L. 95–410, § 110(f)(1), 92 Stat. 888, 897 (1978) (codified at 19 U.S.C. § 1592 note (1982)).
   Section 110(f) of the Reform Act reads in part:
   (1)(A) Except as provided ... subsections (a), (b), and (c) (other than new subsection (e) of section 592 of the Tariff Act of 1930 as added by subsection (a)) ... shall be effective with respect to proceedings commenced after the 89th day after the date of enactment of this Act [Oct. 3, 1978].
   ....
   (C) ... subsection (e) of section 592 of the Tariff Act of 1930 (as added by subsection (a)) shall be effective on the date of enactment of this Act.

**3.** Section 1592(e) (1982) states:

Notwithstanding any other provisions of law, in any proceeding commenced by the United States in the Court of International Trade for the recovery of any monetary penalty claimed under this section—
   (1) all issues, including the amount of the penalty, shall be tried de novo;
   (2) if the monetary penalty is based on fraud, the United States shall have the burden of proof to establish the alleged violation by clear and convincing evidence;
   (3) if the monetary penalty is based on gross negligence, the United States shall have the burden of proof to establish all the elements of the alleged violation; and
   (4) if the monetary penalty is based on negligence, the United States shall have the burden of proof to establish the act or omission constituting the violation, and the alleged violator shall have the burden of proof that the act or omission did not occur as a result of the negligence.

where administrative proceedings began after January 1, 1979.[4]

It is a "familiar canon of statutory construction that the starting point for interpreting a statute is the language of the statute itself." *Consumer Product Safety Commission v. GTE Sylvania, Inc.*, 447 U.S. 102, 108, 100 S.Ct. 2051, 2056, 64 L.Ed.2d 766 (1980); *see Intercontinental Fibres, Inc. v. United States*, 64 CCPA 31, 33, C.A.D. 1179, 545 F.2d 744, 746 (1976).

Since administrative proceedings began in this action before January 1, 1979, the law existing prior to the Reform Act and section (e) of the new law apply. Plaintiff must show "probable cause" that the importer "was without reasonable cause to believe the truth" of its statements. The burden then shifts to the defendant to prove that there was no violation. 19 U.S.C. §§ 1592, 1615 (1976) (amended by the Reform Act).

■ Defendant's contention that the complaint fails to state a claim since it does not set forth defendant's degree of culpability is without merit. Section 1592(e)(2)–(4) (1982) requires application of the new law burdens of proof only "if the monetary penalty is based on fraud" or "based on gross negligence," or "based on negligence."[5] Where the penalty is based on the old law, as here, and the defendant is alleged to have been "without reasonable cause to believe the truth" of its state-

ments, subsections (2)–(4) have no application.[6]

The action is subject only to subsection (1) of section 1592(e), which provides for *de novo* review of the amount of the penalty.[7]

Defendant's second contention in support of its motion to dismiss is also without merit. Since the plaintiff does not have to prove fraud under the old law, Rule 9(b) does not apply to this action.

Defendant's third argument is that the complaint failed to state a violation because the merchandise was not entered "by means of" the false statements. Defendant relies on *United States v. Teraoka*, 669 F.2d 577 (9th Cir.1982), where the Ninth Circuit Court of Appeals held that 18 U.S.C. § 542, the criminal law analogue of section 1592, was violated only where the false statements resulted in the importation of merchandise that was otherwise excludable.

The Court finds nothing in the legislative history of section 1592 or its antecedents to show that Congress intended the statute to apply only to prohibited merchandise. The Senate Report on the bill that was to become the 1978 Reform Act stated that the purpose of section 1592 was "to encourage accurate completion of the entry documents upon which Customs must rely to assess duties and administer other customs laws." S.Rep. No. 778, 95th Cong., 2d

**4.** The legislative history makes clear that by "proceedings" the rule refers to administrative proceedings. *See* H.R.Conf.Rep. No. 1517, 95th Cong., 2d Sess. 13, *reprinted in* 1978 U.S.Code Cong. & Ad.News 2211, 2255.

**5.** Under the new law, Customs must allege "fraud," "gross negligence," or "negligence," or a combination thereof. The maximum penalty and the burden of proof vary for each standard. *See* 19 U.S.C. § 1592(c)(1)–(3), (e)(2)–(4) (1982).

**6.** The Court disagrees with dictum in *United States v. R.I.T.A. Organics, Inc.*, 487 F.Supp. 75, 77 n. 4 (N.D.Ill.1980), stating that defendant's "alleged degree of culpability ... is important with respect to plaintiff's burden of proof" in an old law case.

**7.** The purpose of the exception in the transition rule for section (e) was to make immediately

effective this major reform of the new law. *See* H.R.Conf.Rep. No. 1517, 95th Cong., 2d Sess. 11–13, *reprinted in* 1978 U.S.Code Cong. & Ad. News 2211, 2253–55.

Under the old law, the only penalty that could be assessed in a section 1592 action was forfeiture of the merchandise involved or a penalty equal to the domestic value of the merchandise. Procedurally, Customs made the initial demand for forfeiture. Upon the filing of a petition by the importer under section 1618, Customs could mitigate the penalty. The importer then risked an all or nothing suit by the government if it refused to pay the amount requested. "Thus, the major deficiency in the [section 1592/1618] procedure was the absence of any meaningful judicial review of an administrative process." Note, *Anachronism Laid to Rest: Customs Reform Act Accomplishes Long Overdue Reform of Section 592 of the Tariff Act of 1930*, 10 Law and Pol'y in Int'l Bus. 1305, 1314 (1978).

**404**

Sess. 17, *reprinted in* 1978 U.S.Code Cong. & Ad.News 2211, 2229. It is unlikely that Congress would emphasize that section 1592 was intended to allow Customs to properly "assess duties" if the statute was meant to apply only to prohibited merchandise.

Courts have always applied section 1592 and its antecedents to nonprohibited merchandise. *See, e.g. United States v. Twenty-five Packages of Panama Hats*, 231 U.S. 358, 34 S.Ct. 63, 58 L.Ed. 267 (1913). Defendant's interpretation would "emasculate that provision, depriving the United States Government of one of its more effective and widely-used customs civil enforcement statutes." *United States v. F.A.G. Bearings, Corp.*, 8 CIT ____, Slip Op. 84–109 (Oct. 4, 1984), at 15.

The Court holds that section 1592 applies to the merchandise entered by the defendant.

Defendant's fourth ground is that the complaint does not contain a plain statement of the claim as required by Rule 8(a)(2).

Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of the identical Rule 8(a)(2) of the Federal Rules of Civil Procedure is to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.... Such simplified 'notice pleading' is made possible by the liberal opportunity for discovery and other pretrial procedures established by the Rules ...." *Conley v. Gibson*, 355 U.S. 41, 47–48, 78 S.Ct. 99, 102–103, 2 L.Ed.2d 80 (1957); *see United States v. Appendagez, Inc.*, 5 CIT ____, 560 F.Supp. 50, 54 (1983).

Count I of the complaint alleges:

... defendant or its agent ... falsely described the imported merchandise as "ball bearings with integral shafts", dutiable at 6 percent under item 680.33, Tariff Schedules of the United States, when, in fact, the merchandise was ball/roller bearings with integral shafts, dutiable at 7.5 percent plus 1.7 cents per pound, under item 680.35, Tariff Schedules of the United States.

Complaint, Paragraph 7.

Count II of the complaint alleges that "declarations made and invoices filed ... by defendant or its agent with its entries falsely stated the home market price of the imported merchandise." Complaint, Paragraph 13.

The complaint identifies 293 entries by entry numbers, dates of entry, part numbers, quantity and weight, and domestic forfeiture value. Complaint, Annex A.

The Court holds that the complaint is sufficient to give the defendant fair notice of plaintiff's claim.

Finally, defendant's request for a more definite statement under Rule 12(e) is also denied. As demonstrated above, plaintiff's complaint is not "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading" as the Rule requires.

IT IS HEREBY ORDERED that defendant's motion to dismiss, or, alternatively, for a more definite statement is denied.