**ORDERED** plaintiffs' motion is denied in all respects.

**UNITED STATES, Plaintiff,**

v.

**OBRON ATLANTIC CORP., Defendant.**

**Court No. 94–02–00131.**
**Slip Op. No. 94–134.**

United States Court of International Trade.

Aug. 25, 1994.

Frank W. Hunger, Asst. Atty. Gen., David M. Cohen, Director, Civ. Div., Commercial Litigation Branch, U.S. Dept. of Justice, Charles F. Beall, Jr., Kathleen L. Bucholtz, U.S. Customs Service, of counsel, Washington, DC, for plaintiff.

Jones, Day, Reavis & Pogue, Stephen J. Squeri and Jerome J. Zaucha, Cleveland, OH, for defendant.

## OPINION

CARMAN, Judge:

Plaintiff commenced this action to recover civil penalties and collect customs duties for fraudulent, grossly negligent or negligent violations of 19 U.S.C. § 1592 (1988). Defendant has two motions before the Court. In the first motion, defendant moves to dismiss the amended complaint pursuant to USCIT Rules 5 and 12(b)(1). In its second motion, defendant moves to dismiss Count I of the amended complaint pursuant to USCIT Rules 9(b) and 12(b)(5), and in the alternative, requests the Court to require plaintiff to provide a more definite statement of the facts which support Count I. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1582 (1988).

## BACKGROUND

Customs seeks to impose penalties of up to $1,496,005 against Obron for the misclassification of twenty-eight entries[1] of aluminum paste products entered into the U.S. between June 1987 and December 1988. Complaint (Cmplt.) at ¶ 16. Prior to this time period Obron had protested the classification of these products, but Customs denied the protests. Customs determined that because the aluminum pastes contained benzenoids, they were properly classified under item 402.3600, TSUS, and item 407.1610, TSUS. Cmplt. at ¶¶ 8, 10. Between June 1987 and December

---

1. Plaintiff seeks penalties for negligent or grossly negligent violations of § 1592 on only the nine most recent entries because the statute of limita- tions expired with respect to the other nineteen entries.

1988, however, Obron imported the merchandise at issue under item 473.8810, TSUS, without stating the pastes contained dutiable benzenoids. From approximately June 1989 until February 1990 Customs investigated the erroneous classifications. During this time Obron provided Customs with information and permitted Customs to interview and take sworn statements of Obron officials and employees.

On September 8, 1992, Customs issued a prepenalty notice to Obron in which it claimed lost revenue of $194,761 and a penalty of $5,388,113. In the notice, Customs identified the tentative culpability level as fraud and provided Obron with seven days in which to respond. Obron responded to the prepenalty notice on September 15, 1992, and made an oral presentation to Customs on October 8, 1992. In its response Obron complained the prepenalty notice inadequately (1) described the subject imports and the details surrounding the entry of the subject imports, and (2) disclosed the material facts which establish the alleged violations as required by its regulations. Obron Sept. 15, 1992 Response at 2.

Customs issued a penalty notice on October 22, 1992 demanding lost revenue of $194,- 629 and a penalty of $1,496,905. The penalty notice also provided defendant with a seven-day response time within which Obron would have to file any petition for mitigation and remission. The seven-day response period was ultimately extended by two days upon consent of the parties. In its petition for mitigation and remission filed on November 2, 1992, Obron complained Customs failed to comply with its regulations and 19 U.S.C. § 1592(b). After filing its petition, Obron made oral presentations on December 8, 1992 and March 10, 1993, and submitted additional documentation in a December 16, 1992 letter.

Customs informed defendant in a June 28, 1993 letter that a decision had been made regarding its petition and it had seven days within which to file a supplemental petition. Obron filed its supplemental petition for mitigation and remission on July 6, 1993, in which it requested an oral hearing. Customs denied this request in its July 21, 1993 letter and did not address Obron's supplemental petition. Customs' letter also advised defendant that the case was being referred to the U.S. Department of Justice (Justice) unless Customs received a waiver within five days. Customs rejected Obron's August 3 and August 18, 1993 waiver proposals and forwarded the case to Justice.

After a series of agreements between Justice and Obron waiving the statute of limitations concluded, Justice filed its complaint and amended complaint in this Court on February 25 and March 2, 1994, respectively. Justice alleges in its amended complaint that Obron violated 19 U.S.C. § 1592(a) in a negligent, grossly negligent or fraudulent manner.

## CONTENTIONS OF THE PARTIES

Defendant filed two motions with the Court. In its first motion, defendant contends this action must be dismissed because plaintiff denied Obron its due process rights to notice and hearing by failing to comply with 19 U.S.C. § 1592(b)'s administrative procedure requirements. In particular, Obron complains plaintiff failed to (1) disclose the material facts establishing the alleged violations in the prepenalty and penalty notices, (2) provide a reasonable opportunity to contest the violations alleged in the prepenalty and penalty notices, (3) rule on Obron's supplemental petition, and (4) allow a supplemental oral hearing. According to defendant, this Court lacks subject matter jurisdiction because compliance with § 1592(b)'s procedures is a predicate for the initiation of § 1592 penalty actions in this Court.

Obron argues in its second motion that the Court must dismiss Count I of the amended complaint pursuant to USCIT Rule 9(b) for failure to allege fraud with the particularity required, and pursuant to USCIT Rule 12(b)(5) for failure to allege the basic elements required to support a § 1592 fraud claim. Defendant claims plaintiff is required to allege Obron intentionally and knowingly made false statements. In the alternative, defendant contends the Court should require plaintiff to provide a more definite statement of the circumstances supporting its allegations of fraud.

Plaintiff argues the Court should not dismiss this action because Customs fully complied with its regulations and the relevant statutes. Plaintiff maintains the prepenalty and penalty notices unambiguously allege Obron falsely described the subject entries by failing to indicate the aluminum pastes contained dutiable benzenoids. According to plaintiff, this information is enough to establish a violation of § 1592. Furthermore, plaintiff claims Customs provided Obron with a reasonable time within which to respond to the prepenalty and penalty notices. Plaintiff contends Customs properly referred the case to Justice because the statute of limitations was about to expire with respect to certain entries. As Customs can no longer rule on outstanding petitions once it refers a matter to Justice, plaintiff argues Customs properly decided not to respond to Obron's supplemental petition and request for additional oral argument. Moreover, plaintiff claims Obron had more than sufficient opportunity to respond to the prepenalty and penalty notices.

With respect to defendant's second motion which attacks Count I of plaintiff's complaint, plaintiff maintains Count I should not be dismissed because it alleges facts sufficient to meet the standard establishing civil fraud. While plaintiff concedes Count I does not contain a specific averment that Obron "knowingly" made the false statement on the entry forms, it contends the omission is irrelevant. Moreover, plaintiff argues Count I satisfies USCIT Rule 9(b)'s particularity requirement because it sets forth the time, place and contents of the false representations.

### DISCUSSION

#### A. *Administrative Due Process*

■ The Court first addresses Obron's contention that Customs violated 19 U.S.C. § 1592(b)(1)(A)(iv), (b)(2), by failing to disclose the material facts establishing the fraudulent violations alleged in the prepenalty and penalty notices. The Court is not persuaded by Obron's argument. Both the prepenalty and penalty notices provide the following:

Obron Atlantic Corporation entered or introduced and/or attempted to enter or introduce and/or aided and abetted the entry or introduction and/or attempted entry or introduction of the above described merchandise by means of material false documents, statements, acts and/or omissions. The above described merchandise, containing the solvent naphtha, was improperly entered misdescribed as "Metallic Aluminum Pigments[,"] item 473.8810 TSUSA, dutiable at 3.1%, and as "Other Non–Lead Pigments[,]" item 473.8820 TSUSA, dutiable at 3.1%, when in fact, the product should have been entered described as Alkylbenzenes and Polyalkylbenzenes, item 402.3600 TSUSA at a duty rate of 17.3%. The failure by Obron to properly describe the merchandise resulted in the misclassification of the merchandise.

Prepenalty Notice dated Sept. 8, 1992, Exhibit A; Notice of Penalty dated Oct. 22, 1992, Exhibit A. The above-quoted statement provides Obron with more than enough information for it to form a response in its defense. Moreover, Obron was already aware of the material facts as demonstrated by the fact that it was Obron which brought the misclassifications of imports to Customs' attention. The Court, therefore, holds Customs did not fail to disclose in either the prepenalty or penalty notices the material facts supporting its allegations of fraud.

■ Obron next argues Customs violated 19 U.S.C. § 1592 by not providing it "a reasonable opportunity to make representations, both oral and written, as to why a claim for monetary penalty should not be issued in the amount stated." 19 U.S.C. § 1592(b)(1)(A)(vii). Customs is guided in the application of this requirement by 19 C.F.R. § 162.78 (1992), which provides the time period within which the defendant must respond to a prepenalty notice. The relevant language of this regulation is as follows:

(a) *Time within which to respond.* Unless a shorter period is specified in the prepenalty notice or an extension is given in accordance with paragraph (b) of this section, the named person *shall have 30 days* from the date of mailing of the prepenalty notice to make a written and an

oral presentation. The district director may specify a shorter reasonable period of time, but not less than 7 days, if less than 1 year remains before the statute of limitations may be asserted as a defense. If a period of fewer than 30 days is specified, the district director, if possible, shall inform the named person of the prepenalty notice and its contents by telephone at or about the time of issuance.

19 C.F.R. § 162.78(a) (emphasis added); *see also* 19 C.F.R. § 171.12(e) (1992). Both regulations, § 162.78(a) and § 171.12(e), indicate Customs must provide a party with a thirty-day response period unless the party is able to demonstrate less than one year remains before the statute of limitations may be asserted as a defense.

In order to determine when the statute of limitations will run, it is necessary to examine the applicable statute, 19 U.S.C. § 1621 (1988). This statute states

[n]o suit or action to recover any duty under section 1592(d), 1593a(d) of this title, or any pecuniary penalty or forfeiture of property accruing under the customs laws shall be instituted unless such suit or action is commenced within five years after the time when the alleged offense was discovered; except that—

(1) in the case of an alleged violation of section 1592 or 1593a of this title, no suit or action ... may be instituted unless commenced within 5 years after the date of the alleged violation or, if such violation arises out of fraud, within 5 years after the date of discovery of fraud ...

19 U.S.C. § 1621.

■ Because Customs only alleged fraud in the prepenalty and penalty notices, the statute of limitations is properly measured from June 1989 when Customs became aware of the alleged fraudulent violations. Customs, therefore, erred in measuring the statute of limitations from the date the alleged violations were committed and thereby limiting Obron's response time to seven days. It is necessary, however, to assess whether Obron in fact received due process at the administrative level rather than enforce a rigid application of Customs' regulations.

For the reasons which follow, the Court holds defendant received due process at the administrative level and Customs' failure to provide a thirty-day response period in Obron's prepenalty and penalty notices amounts to harmless error.

Despite the truncated response period provided in the prepenalty and penalty notices, Obron was able ultimately to argue its case over a six-month period. Although Obron had to respond to Customs' September 8, 1992 prepenalty notice by September 15, 1992, it had until October 8, 1992, to prepare and present its oral argument and submit an appraisal/worksheet for consideration. Similarly, while the October 22, 1992 penalty notice indicated Obron's response must be received by October 29, 1992, Obron was able to submit its response on November 2, 1992, and make its oral presentation on December 8, 1992. Obron was also permitted to provide Customs with a supplemental submission in support of its petition for mitigation and remission on December 16, 1992, and make an additional oral argument on March 10, 1993. The number of opportunities which Obron had to present its case and the lengthy time period within which these presentations were made lead the Court to conclude Obron was afforded its due process rights at the administrative level.

Defendant attempts to analogize the instant action to *United States v. Chow,* 17 CIT ——, 841 F.Supp. 1286 (1993) and *United States v. Stanley Works,* 17 CIT ——, 849 F.Supp. 46 (1993). The Court finds no merit in defendant's argument. *Chow* and *Stanley* are similar to the instant action in that they were actions brought by Customs to recover civil penalties for an importer's alleged fraud. The manner in which Customs treated Chow and Stanley at the administrative level, however, differs significantly from the treatment afforded Obron. The defendants in each of the cited cases received and were forced to respond to their respective prepenalty and penalty notices in rapid fire succession. Customs sent Chow and Stanley prepenalty notices on October 2, 1990, which they had to respond to by October 9, 1990, despite the fact the statute of limitations could not be asserted as a defense within one year. On

October 17, 1990, Customs quickly followed up with a penalty notice to both Chow and Stanley which also erroneously provided a seven-day response period. *Chow,* 17 CIT at ——, 841 F.Supp. at 1287; *Stanley,* 17 CIT at ——, 849 F.Supp. at 47. Customs further abused the administrative process in *Stanley* by failing to take action for twenty-one months, after which time it sent Stanley another round of prepenalty and penalty notices in a similarly truncated fashion. *Stanley,* 17 CIT at ——, 849 F.Supp. at 47. The Court dismissed *Chow* and *Stanley,* holding in both cases that Customs failed to exhaust its administrative remedies and failed to provide the respective defendants with a fair opportunity to be heard. *Chow,* 17 CIT at ——, 841 F.Supp. at 1290; *Stanley* 17 CIT at ——, 849 F.Supp. at 50. In the instant action, Customs has exhausted its administrative remedies because it has afforded Obron its due process rights.

Furthermore, Obron's complaint that Customs should have ruled on Obron's supplemental petition and allowed Obron a supplemental oral hearing do not persuade the Court Obron was denied due process. As the Court has previously stated, "this Court refuses to create [a requirement that Customs provide rulings on supplemental petitions and allow supplemental oral hearings] where the statute itself is silent." *United States v. Modes,* 13 CIT 780, 786, 723 F.Supp. 811, 816 (1989). Moreover, similar to defendants in *Modes,* the defendant in the instant action was "given ample opportunity to press [its] arguments for remission or mitigation of the penalty notice prior to Customs' determination and institution of this suit." *Id.* at 787, 723 F.Supp. at 816. Accordingly, the Court denies defendant's motion to dismiss the amended complaint pursuant to USCIT Rules 5 and 12(b)(1).

### B. *USCIT Rule 9(b)*

■ Obron Atlantic complains in its second motion that plaintiff failed to allege with the particularity required by USCIT Rule 9(b) the basic elements required to support a § 1592 claim predicated on fraud. The Court finds no merit in Obron's argument because plaintiff's amended complaint satisfies USCIT Rule 9(b).

Rule 9(b) provides that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other conditions of mind of a person may be averred generally." USCIT Rule 9(b). It is necessary to determine whether plaintiff has satisfied "[t]he critical phrase of rule 9(b)" by setting forth "the circumstances constituting fraud." *United States v. F.A.G. Bearings, Corp.,* 8 CIT 201, 206, 615 F.Supp. 562, 567 (1984).

■ The complaint clearly shows plaintiff set forth. "the circumstances constituting fraud." The complaint establishes the time the alleged fraud occurred, the dates when the merchandise was entered into the commerce of the U.S., and the place where the alleged fraud occurred, the Customs port of Cleveland, Ohio. Additionally, the complaint provides the content of the alleged fraud by stating Obron knew the merchandise at issue contained dutiable benzenoids but failed to indicate the dutiable benzenoids on the entry forms. The complaint further states that as a result of Obron's conduct, the merchandise was incorrectly classified and assessed at a lower duty rate which caused the United States to be deprived of the appropriate duties for the twenty-eight entries. Although Obron complains the plaintiff has failed to provide details of its investigation in its complaint, USCIT Rule 9(b) does not require the provision of detailed evidentiary matters.

In the alternative, Obron also contends plaintiff should be required to provide a more definite statement pursuant to USCIT Rule 12(e). Rule 12(e) provides, in part, that "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." The Court cannot agree with defendant that the information provided in the amended complaint, as discussed above, "is so vague or ambiguous that [Obron] cannot be required to frame a responsive pleading." In fact, the Court

finds the complaint clearly provides the relevant information including a schedule of the twenty-eight entries, their respective dates, and the specific tariff classification provisions involved in the misclassification. Because plaintiff has set forth the time, place and contents of the false representations, the Court concludes plaintiff has satisfied Rule 9(b). *See F.A.G. Bearings,* 8 CIT at 206–07, 615 F.Supp. at 567.

Obron also seeks in its second motion the dismissal of Count I of the amended complaint pursuant to Rule 12(b)(5) because plaintiff has "fail[ed] to state a claim upon which relief can be granted." USCIT Rule 12(b)(5). According to Obron, plaintiff failed to state a cause of action under the fraud standard applicable under § 1592 and under the accepted common law standard for fraud.

The standard for establishing civil fraud provided in Customs' regulations requires the agency to demonstrate "the material false statement or act in connection with the transaction was committed (or omitted) knowingly, i.e., was done voluntarily and intentionally." 19 C.F.R. Pt. 171, App. B(B)(3) (1993). Although, Obron complains this standard may not be used in this case because the alleged violations predate this regulation, the Court holds this standard does apply. The Court has already held the application of this civil fraud standard to alleged violations predating the regulation does not violate the constitutional prohibition on *ex post facto* legislation. *United States v. Jac Natori Co.,* 17 CIT ——, ——, 821 F.Supp. 1514, 1519 (1993). Furthermore, the Court holds the amended complaint states a cause of action based on fraud because it specifically alleges Obron failed to disclose the benzenoid content of the imported aluminum pastes despite knowing the pastes contained dutiable benzenoids. The Court, therefore, denies Obron's second motion to dismiss Count I of plaintiff's amended complaint or to require plaintiff to provide a more definite statement of the circumstances supporting the allegations of fraud.

## Conclusion

After considering all of the arguments presented by plaintiff and defendant, the Court holds Customs (1) provided Obron with the material facts in the prepenalty and penalty notices establishing the alleged fraudulent violations; (2) provided a reasonable opportunity to contest the violations alleged in the prepenalty and penalty notices; (3) properly did not rule on Obron's supplemental petition; (4) properly did not allow a supplemental oral hearing; (5) satisfied USCIT Rule 9(b) by setting forth the time, place and contents of the false representations; and (6) satisfied USCIT Rule 12(b)(5) by stating a claim upon which relief can be granted. Defendant's motions are denied in all respects.

## Order

This case having been duly submitted for decision and this Court, after due deliberation, having rendered a decision herein; now, in conformity with said decision, it is hereby

**ORDERED** defendant's Motion to Dismiss the Amended Complaint under Rules 12(b)(1) and (5) is denied; and it is further

**ORDERED** defendant's Motion to Dismiss Count I of the Amended Complaint under Rules 9(b) and 12(b)(5), and Alternative Motion for a More Definite Statement under 12(e) is denied.