UNITED STATES of America, Plaintiff,

v.

**COMPLEX MACHINE WORKS COMPANY, Andras Nyakas, Andras Nyakas d/b/a Complex Machine Works Company, and Andras H. Nyakas, Defendants.**

Slip Op. 96–146.
Court No. 95–10–01319.

United States Court of
International Trade.

Aug. 23, 1996.

Frank W. Hunger, Assistant Attorney General; David M. Cohen, Director, and Rhonda K. Schnare, Commercial Litigation Branch, Civil Division, U.S. Dept. of Justice, for Plaintiff.

Linda N. Mansour, Toledo, OH, for Defendant.

### ORDER DENYING MOTION TO DISMISS

WALLACH, Judge.

### I

#### Introduction

This is an action by the United States for fraud, negligence and gross negligence. The Government seeks civil penalties and to collect customs duties pursuant to 19 U.S.C. § 1592 (1988). The case arises from a series of entries into the United States from Cana-

da between June 24, 1986 and April 20, 1991.[1] Plaintiff's Complaint[2], which was filed on October 17, 1995, bases its claims on certain alleged false acts, statements, documents and omissions, and states that it had no notice of them until October 18, 1990. This Court has jurisdiction pursuant to 28 U.S.C. § 1582 (1988).

Defendants have moved to dismiss asserting two theories. They claim first that the Government's Complaint is barred by the five year statute of limitations found in 19 USC § 1621. They also assert that since they have already pleaded guilty to criminal charges arising out of the same series of imports, the Government's attempt to obtain civil penalties violates the Fifth Amendment's prohibition of double jeopardy.

For the reasons set forth below, Defendant's Motion is denied.

## II

## Discussion

## A

### The Government's Claims Are Not Barred By The Statute Of Limitations

19 U.S.C. § 1621 provides in part:

No suit or action to recover any pecuniary penalty or forfeiture of property accruing under the customs laws shall be instituted unless such suit or action is commenced within five years after the time when the alleged offense was discovered: *Provided,* That in the case of an alleged violation of section 1592 of this title arising out of gross negligence or negligence, such suit or action shall not be instituted more than five years after the date the alleged violation was committed ...

Defendants make two arguments under the statute. They claim that 1) "... since the [C]omplaint alleges several **continuous** transactions that occurred from June 24, 1986", then all claims are time barred, and 2)

that even if the continuous transaction doctrine is inapplicable, the limitations period for all claims, including fraud, must run from the date an alleged violation occurred rather than its alleged date of discovery. Both arguments are without merit.

### 1

### The Continuing Violation Doctrine Is Inapplicable In This Case

Defendants' reliance on the continuing violation doctrine represents a fundamental misunderstanding of the concept. They argue that where a series of violations is continuous, the statute commences running from the date of the first violation.

To the contrary, as the Seventh Circuit noted in *Selan v. Kiley,* 969 F.2d 560 (7th Cir.1991):

The continuing violation doctrine allows a plaintiff to get relief for a time-barred act by linking it with an act that is within the limitations period. For purposes of the limitations period, courts treat such a combination as one continuous act that ends within the limitations period.

*Id.* at 564.

Accordingly, as the Government argues in reliance on *Van Heest v. McNeilab, Inc.,* 624 F.Supp. 891 (D.Del.1985):

... if defendant engages in a continuing course of prohibited conduct and plaintiff's action is timely as to any act of that course of conduct, plaintiff will be allowed to litigate statutory violations within the limitations period and all preceding violations that are a part of that course of conduct.

*Id.* at 896.

Thus, contrary to Defendants' argument, if the continuing violation doctrine were applicable here, the Government could properly seek damages for *all* violations if *any* fell within the time allowed by the statute. Defendants' other argument under the statute is equally jejune.

---

**1.** The Government seeks damages for fraud for the entire period under a tolling theory. It seeks damages for gross negligence and negligence only for those entries which occurred in the five years preceding the filing of the Complaint.

**2.** Since this is a Motion To Dismiss by Defendant, the Court takes as true for purposes of this Motion only, the factual allegations of Plaintiff's Complaint. USCIT R. 12(b). *Fabrene, Inc. v. United States,* 17 CIT 911, 1993 WL 328032 (1993).

2

### The Statute Of Limitations For Fraud Begins To Run At The Time Of Discovery

Despite the clear language of 19 U.S.C. § 1621 Defendants argue that in an action for damages for fraud and some other claim such as negligence, the fraud statute is subsumed by the additional claim, and begins to run at the time violation is committed. The argument is based solely on a misreading of this Court's decision in *United States v. Obron Atlantic Corp.*, 862 F.Supp. 378 (CIT 1994).

Defendants concede that *Obron* holds, consistent with § 1621, that the statute of limitations is properly measured from the date the Government became aware of the alleged fraud. Motion to Dismiss at p. 4. They then state that:

> However, the Court in *Obron* further held that "[b]ecause Customs **only alleged fraud** ..., the statute of limitations is properly measured from ... when Customs become [sic] aware of the alleged fraudulent violations." *Id.* at 382.

> Thus, the distinction between *Obron* and the case at bar is that the Plaintiffs in *Obron* only made allegations as to fraud and not gross negligence or negligence as alleged in the case at bar. Therefore, the proper calculation for statute of limitations purposes is the date that the alleged fraudulent, negligent, or grossly negligent conduct occurred.

Motion To Dismiss at p. 4.

Defendants cite no other authority for the proposition.

In response, the Government has accurately pointed out that Defendant's discussion of *Obron* "... is incomplete and taken out of context." Plaintiff's Opposition at p. 6.

3. Defendants omitted the words "in the prepenalty and penalty notices" from the above cited quotation from *Obron*.

4. Defendants also cite to *United States v. R.I.T.A. Organics, Inc.*, 487 F.Supp. 75 (N.D.Ill.1980).

*Obron*, dealt, as the entire quotation makes clear[3], with the question of whether Customs gave sufficient response time in an administrative proceeding under 19 C.F.R. § 162.78 (1992) which allows the Government to require a response in less than thirty days if less than one year remains before a statute of limitations may be asserted as a defense. *Obron*, at most, implies only that if the penalty notice includes a negligence claim the limitations period should be measured from the earlier of the *two* relevant dates for determining the length of the administrative response period. It has nothing to do with the availability of separate Statute of Limitations provisions for alternative claims in an action for damages and civil penalties.

The language of § 1621 is clear[4]. There are two separate statutory periods for fraud and negligence claims. The Government in this case seeks only to recover on acts which fall within the proper time periods for each such type of claim. Accordingly, Defendants' Motion under the Statute of Limitations is denied.

### B

### The Double Jeopardy Clause Does Not Apply To Civil Penalties Under Section 1592

Defendants' other argument is that because they have been previously convicted of criminal violations arising from the entries here at issue, the Fifth Amendment's prohibition of double jeopardy bars the imposition of civil penalties under 19 U.S.C. § 1592. That argument has been repeatedly and squarely rejected by this Court. *See United States v. Ziegler Bolt And Parts Co.*, 20 CIT ——, Slip Op. 95–3, 1995 WL 13448 (Jan. 13, 1995), and the cases cited therein. This Court adopts the reasoning set forth in those cases and accordingly rejects Defendants' argument.

*R.I.T.A.* holds only that where Customs should have known of the existence of a fraud, it may not assert the discovery exception for a date past the time when it should have been discovered. It is here inapposite.

## III

### Conclusion

For the reasons set forth above Defendants' Motion to Dismiss is denied.