Accordingly, as this is the only issue remaining after remand, Commerce's determination is sustained.

UNITED STATES OF AMERICA, PLAINTIFF *v.* GOLDEN SHIP TRADING, JOANNE WU, AND AMERICAN MOTORISTS INSURANCE CO., DEFENDANTS

Court No. 97–09–01581

(Decided September 25, 1998)

*Frank W. Hunger*, Assistant Attorney General of the United States; *David M. Cohen*, Director, Commercial Litigation Branch, Civil Division, United States Department of Justice; *A. David Lafer*, Senior Trial Counsel; *Craig Gottlieb*, Commercial Litigation Branch, Civil Division, United States Department of Justice; *Jeanmarie Ressa Reiner*, Assistant Counsel, Office of Associate Chief Counsel, United States Customs Service, for Plaintiff.
*Thomas J. Kovarcik, Esq.; Levine & Mass*, (Alvin Mass), of Counsel, for Defendants Golden Ship Trading and Joanne Wu.

## MEMORANDUM OPINION AND ORDER

BARZILAY, *Judge:* Plaintiff, United States of America ("Government") brought this action pursuant to 28 U.S.C. § 1582 (1994) and 19 U.S.C. § 1592 (1994) to recover civil penalties and collect unpaid duties from Defendants for misrepresenting the country of origin of imported wearing apparel. As to Defendants Golden Ship Trading ("Golden Ship") and Joanne Wu ("Wu"), the Government seeks marking duties and penal-

ties. With regard to Defendant American Motorists Insurance Company ("American Motorists"), the Government seeks the recovery of marking duties on one entry. Defendants Golden Ship and Wu have moved to dismiss the complaint pursuant to USCIT Rules 8(a), 9(b) and 12(b)(5). In the reply memorandum in support of their motion, Defendants moved, in the alternative, for summary judgment under Rule 56(d). For the reasons set forth below, this Court denies Defendants' motion to dismiss. Defendants' motion for summary judgment is premature according to USCIT Rules 12(b)(5) and 56.

### BACKGROUND

On January 22, 1998, the Government filed its first amended complaint alleging that Defendants entered or introduced, or caused to be entered or introduced, or attempted to enter or introduce wearing apparel by means of materially false documents and written or oral statements, acts or omissions. The complaint alleges that the Defendants stated on the entry documents that the country of origin of the wearing apparel was the Dominican Republic when, in fact, it was the People's Republic of China. It also alleges that Wu signed the country of origin declaration falsely, stating that the country of origin was the Dominican Republic, and that these materially false statements, acts and/or omissions were performed without due care and constitute negligent violations of 19 U.S.C. § 1592.[1] The Government contends that these negligent, false statements caused it to lose marking duties of $14,568 and seeks penalties in the amount of $44,656.

Defendants deny liability and seek to dismiss the complaint. Defendants counter that the complaint is defective because the Government failed to allege that the Defendants violated 19 U.S.C. § 1592. Defendants argue that Wu cannot be liable because she is not the importer of record. In addition, Defendants contend that Wu cannot be liable for any negligent violation of the statute by the importer of record.

### DISCUSSION

In a motion to dismiss for failure to state a claim, the Court must assume that all well-pled factual allegations are true and construe all reasonable inferences in favor of the non-moving party. *Kemet Electronics, v. United States*, 21 CIT 912, 976 F. Supp. 1012 (1997) (quoting *Gould v. United States*, 955 F.2d 1271 (Fed. Cir. 1991)). If allegations in the complaint, assumed to be true, state a claim, the motion should be denied. *See Jenkins v. McKeithen*, 395 U. S. 411, 421–22 (1969). *See also United States v. Complex Machine Works Co.*, 20 CIT 1080, 937 F. Supp. 943 (1996).

Therefore, this Court must analyze the complaint in view of USCIT Rules 8(a) and 9(b), governing the contents of pleadings in this Court. USCIT R. 8(a) calls for "a short and plain statement" of the jurisdiction-

---

[1] The allegations against Defendant American Motorists will not be discussed as they are not at issue in this proceeding.

al grounds and of the claims showing that the pleader is entitled to relief, along with the demand for judgment for the relief the pleader seeks. US-CIT R. 9(b) provides that, "in all averments of fraud or mistake the circumstances constituting fraud or mistake shall be stated with particularity." Analyzing the Government's first amended complaint in light of Rules 8(a) and 9(b) and the cases elucidating those rules, this Court finds that the Government's complaint is sufficient.

The purpose of USCIT R. 8(a)(2) is to "give the Defendant fair notice of what the plaintiff's claim is and the ground upon which it rests * * * such simplified 'notice pleading' is made possible by the liberal opportunity for discovery and other pretrial procedures established by the rules * * *." *United States v. F.A.G. Bearings, Ltd.*, 8 C.I.T. 294, 296–97, 598 F. Supp. 401, 404 (1984) (quoting *Conley v. Gibson*, 355 U.S. 41, 47–48 (1957)). In *F.A.G. Bearings*, the court analyzed the complaint and found that it was sufficient to give the defendant fair notice of plaintiff's claim. *Id.* at 297. Here, as well, the Government's complaint is sufficient to apprise Defendants of fair notice of the claim and the grounds upon which it rests. Count I specifically details the three entries at issue, alleges that the merchandise covered by those entries was entered by means of materially false documents in that the country of origin on the entry papers was false. The complaint further alleges that the false statements, acts and omissions were performed without due care and constitute negligent violations of 19 U.S.C. § 1592. The complaint also alleges the amount of duties and penalties sought from Defendants.

In *Appendagez,* the court considered the sufficiency of a complaint under USCIT R. 8(a)(2). *United States v. Appendagez,* 5 C.I.T. 74, 560 F. Supp. 50 (1983). The court held that because defendants could understand the nature of the claim, it was sufficient for the government merely to identify that the entry documents contained false statements without the recitation of particular acts suggesting why the statements were negligent. *Id.* at 79. In this case, the complaint goes further, specifically charging negligence with respect to the allegedly false entry documents. In a case factually similar to the case at bar, the court held that "by alleging a violation of 19 U.S.C. § 1592 and the consequent loss of duties, the complaint states a claim upon which relief can be granted." *United States v. Priscilla Modes, Inc.*, 9 C.I.T. 598, 599 (1985). The language in the complaint at issue in this case conforms to the holdings in *Priscilla Modes* and *Appendagez,* and is therefore sufficient under USCIT R. 8. Defendants have also alleged that the complaint is insufficient with regard to the requirements of USCIT R. 9(b). The Court disagrees. USCIT R. 9(b) states that "* * * the circumstances constituting fraud or mistake shall be stated with particularity * * *" The complaint does not allege fraud, merely negligence, therefore general averments are all that is required. *See United States v. KAB Trade Co.*, 19 ITRD 1379 (CIT 1997).

Furthermore, when compared to the complaint in *KAB*, the complaint here also is stated with sufficient particularity to support even an

allegation of fraud. Therefore, Defendants' claim on USCIT R. 9(b) cannot be sustained.

Defendants next claim that because Wu is not the importer of the subject merchandise, she is not liable for duties or penalties. Defendants' sole support for this proposition is the United States Customs regulation stating that the payment of duties is a personal debt of the importer. 19 C.F.R. § 141.1 (1997). The regulation cited speaks only to the subject of duty liability and timing. It addresses the unfortunate, but not infrequent, occurrence of the importer's remitting duties to the broker who then does not remit to U.S. Customs. The regulation makes clear that the importer's responsibility to Customs continues in such instance; it says nothing to buttress Defendants' argument on the issue of Wu's liability.

This Court is unpersuaded by Defendants' argument, especially in view of the posture of this case as one brought to allege a violation of 19 U.S.C. § 1592(a). The plain language of the statute itself, which uses the term "person" rather than "importer," refutes Defendants' contention. *See, e.g. Rubin v. United States*, 449 U.S. 424, 430 (1981) (holding that if the statutory terms are unambiguous, a court's review ends and the statute is construed according to the plain meaning of its words).

19 U.S.C. § 1592(a) provides as follows:

> Without regard to whether the United States is or may be deprived of all or a portion of any lawful duty thereby, no *person* by fraud, gross negligence or negligence— (A) may enter, introduce or attempt to enter or introduce merchandise into the commerce of the United States by means of— (1) any document written or oral statement, or act which is material or false. [emphasis added]

The court in *Appendagez* explained the placement of the word "person" in the current version of the statute:

> The Customs Procedural Reform and Simplification Act's phrase, "no person," in section 592 replaced language in the previous statute that listed the persons who would be held accountable for entering or introducing merchandise into this country by means of false invoices as "any consignor, seller, owner, importer, consignee, agent or other person or persons." No limitation was placed on whether such persons were corporations or natural persons and none can be implied.

5 C.I.T. at 80.

One who violates the statute is always liable whether or not the importer of record. This Court has adjudicated many cases wherein one who is not the importer of record was held liable for penalties when the circumstances warranted. *E.g., United States v. Blum*, 11 C.I.T. 136, 660 F. Supp. 975 (1987) *rev'd on other grounds*, 858 F.2d. 1566 (Fed. Cir. 1988); *see, e.g., United States v. F.H. Fenderson, Inc.*, 11 C.I.T. 199, 658 F. Supp. 894 (1987).

Defendants' motion to dismiss must be denied on this ground as well. The Government is entitled to its opportunity to prove the allegations

contained in the complaint that Wu is liable, under 19 U.S.C. § 1592(a), for misrepresenting the country of origin of the merchandise on the entry papers and that her actions caused the government to be deprived of marking duties. The Federal Circuit's holding in *Pentax* does not mandate a contrary result, as Defendants argue. *Pentax Corp. v. Robinson*, 125 F.3d 1457 (Fed. Cir. 1997), *op. amended on reh'g*, 135 F.3d 760 (Fed. Cir. 1998). In *Pentax* the government sought marking duties from plaintiff as a condition precedent to accepting a prior disclosure pursuant to 19 U.S.C. § 1592(c)(4). During an internal review, plaintiff discovered it had continued to mark certain photographic equipment with Hong Kong origin after production had shifted to the People's Republic of China. *Id.* at 1460.

The court held the government could not require the tender of marking duties because the government was not deprived of the § 1304(f) *ad valorem* duties as a result of the §1592(a) violation. *Id.* at 1463. The court reasoned that the mismarking of the merchandise could not have caused the government to be deprived of the duties as the mismarking itself triggered the liability for the payment of duties. *Id.* The court explained:

> The act of culpably mismarking goods cannot be said to have deprived the government of the 10 percent *ad valorem* duty assessed under 1304(f). To the contrary, but for the mismarkings (followed by the failure to export, destroy, or remark the articles in accordance with section 1304), the duty could not have arisen. Thus, the proper characterization of the relationship between sections 1304(f) and 1592(d) is that the two sections are coupled only to the extent that the act of mismarking can give rise to a violation of both sections—section 1304(f) if the mismarking is not cured, and 1592(d) if the mismarking occurred as a result of fraud, gross negligence or negligence.

*Id.*

The government then sought rehearing on the theory that the false entry papers filed with the mismarked goods were an independent violation of 19 USC § 1592(d) which permitted recovery of marking duties under 19 USC § 1592(d). *See Pentax,* 135 F.3d at 762. The Appeals Court specifically refused to address this claim finding no evidence that it had been raised on appeal in the briefing or during oral argument. *Id.*

Therefore, the *Pentax* holding cannot control in this case. The factual circumstances pleaded here—the filing of false entry papers—could, in certain circumstances, be the but-for cause of the Government's being deprived of marking duties. This Court cannot hold, as a matter of law, that the Government was not deprived of duties as a result of Wu's alleged violation of § 1592(a). The Government is entitled to an opportunity to demonstrate its claim on this point. Therefore, this Court cannot dismiss this case at this time.

The Court next examines Defendants' claim that Wu cannot be liable for a negligent violation of the statute by the importer of record. Defen-

dants argue that the holding in *Appendagez,* "viewed in context and in conjunction with other applicable law," prevents a corporate officer from being personally liable for the acts of the importer of record unless the officer "knowingly participated" in the importer's "illegal actions." *Def.'s Mem. Supp. Mot. Dismiss First Am. Com.,* at 10–11 *("Def's Mem.").*

Defendants then argue that, "since the government has not alleged in the First Amended Complaint that the importer committed negligence in connection with § 1592, it failed also to allege that the importer engaged in 'illegal actions.' Thus, there existed no 'illegal actions' in which Wu could 'knowingly participate.'" *Id.* at 11.

Once again, an examination of the complaint, according to the Court's Rules governing its contents and construing all reasonable inferences in the Government's favor, does not support Defendants' contention. Paragraph seven of the complaint clearly alleges that both Defendants, "Golden Ship [the importer of record] and Joanne Wu entered * * * three shipments of wearing apparel * * * by means of entry documents filed with the U.S. Customs Service." *Complaint* at ¶ 7.

Paragraph eight of the complaint alleges that the merchandise was entered by means of materially false documents—entry papers stating the allegedly false country of origin. Paragraph nine alleges a material omission in the entry documents: the visa that would have been required had the alleged correct country of origin been identified. Paragraph ten states that the materially false statements and omissions violated the applicable statutes: 19 USC § 1304 (country of origin marking), § 1481–1485 (contents of entry documents and entry of merchandise) and § 1592 (penalties for fraud, gross negligence and negligence). Paragraph eleven alleges that "the material [sic] false statements, acts and/or omissions described in paragraphs 7, 8 and 9 were performed without due care and constitute negligent violations of Section 1592, of title 19, U.S. Code." *Complaint* ¶ 11.

Once again, this Court must find that the cited paragraphs of the complaint, when read in conjunction with one another, as is normally done, give fair notice to the Defendants of the Government's claim and do, indeed, allege acts of the importer of record that come within the purview of § 1592 (what the Defendants' brief describes as "illegal actions." *Def's. Mem.* at 11).

Defendants next argue that Wu cannot be liable because "an officer cannot knowingly participate in illegal actions by negligence." *Id.* Defendants once again rely upon certain language in *Appendagez:*

> While it is true that corporate officers are not liable for the illegal actions of others in the corporation merely by virtue of their positions or offices, they may become liable, however, if they knowingly participate in such actions.

5 C.I.T. at 79 (citations omitted).

Defendants' argument constitutes a misreading of *Appendagez*. That case does not immunize Wu's alleged negligent violation from the plain language of § 1592(a) simply because she is a corporate officer.

As previously noted, § 1592(a) states:

> *no person,* by fraud, gross negligence, or negligence may enter, introduce, or attempt to enter or introduce any merchandise * * * by means of * * * material and false [statements].

19 U.S.C. § 1592(a) (emphasis added). The plain language, which proscribes negligent false entries by a person, does not recognize an exception for negligent corporate officers. *Appendagez* does not require a contrary result; indeed, it expressly supports the proposition that a corporate officer who is negligent can be held liable under § 1592(a).

It may well be that Wu had no knowledge that the wearing apparel at issue was made in the People's Republic of China instead of the Dominican Republic. Indeed, in order to prevail on the merits, the Government must demonstrate that the actual country of origin was the Dominican Republic. However, both these issues are factual, and cannot be determined on this motion.

CONCLUSION

There is no basis before this Court, to dismiss this case. The Government's complaint sufficiently alleges violations of 19 U.S.C. 1592(a) and (d) by both Defendants.

Accordingly, it is hereby

ORDERED that Defendant's Motion to Dismiss is Denied.