**Slip. Op. 00-100**

## UNITED STATES COURT OF INTERNATIONAL TRADE

**Before: Judge Judith M. Barzilay**

_____

|  |  |  |
|---|---|---|
| | **:** | |
| THE UNITED STATES, | **:** | |
| Plaintiff, | **:** | Court No. 99-06-00315 |
| v. | **:** | **Before: Barzilay, Judge** |
| FERRO UNION, INC., AND FIREMAN'S FUND INSURANCE CO., | **:** | |
| Defendants. | **:** | |

_____

*David W. Ogden*, Assistant Attorney General; *David M. Cohen*, Director, *Velta A. Melnbrencis*, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, (*Kenneth S. Kessler*) for Plaintiff.

*Peter S. Herrick* for Defendants.

Decided: August 16, 2000

**ORDER**

**BARZILAY, JUDGE:**

### I. INTRODUCTION

On June 2, 1999, Plaintiff filed a complaint ("*Compl.*") to enforce civil penalties and recover unpaid duties pursuant to 19 U.S.C. § 1592 (1994) for certain entries of carbon steel pipe and tubing from Thailand, imported on or about August 6, 1992. When filing entry documents, Defendant Ferro Union allegedly did not indicate that the merchandise was subject to antidumping and countervailing duties. On October 18, 1999, Defendants filed a motion to dismiss pursuant to USCIT R. 12(b)(5) for failure to state a claim upon which relief can be granted. ("*Def.'s Mot. to Dismiss*"). Further,

Defendants petitioned the court to dismiss the case against Fireman's Fund Insurance Co. ("Fireman's Fund") pursuant to USCIT R. 4(m) because service was made one day past the 120 day deadline for proper service. Defendants also raised a 12(b)(6) defense, claiming that an essential party under USCIT R. 19 was not joined in the case. For the reasons that follow, Defendants' motion to dismiss is denied.

## II. DISCUSSION

A.    *The Complaint states a claim upon which relief may be granted, and provides*
      *Defendants with sufficient notice of the claim.*

In reviewing a motion to dismiss for failure to state a claim, the court must assume all well-pled factual allegations to be true, and must make any inferences in favor of the non-moving party. *See Kemet Electronics Corp. v. Barshefsky*, 21 CIT 912, 929, 976 F. Supp. 1012, 1027 (1997) (quoting *Gould, Inc. v. United States*, 935 F.2d 1271, 1274 (Fed. Cir. 1991)). Defendants are therefore incorrect in their assertion that the court cannot assume that the allegations are truthful when considering a motion to dismiss. *See Defendants' Reply to Plaintiff's Opposition to Dismiss and Memorandum of Law* ("*Defs.' Reply*") at 3.

Assuming the factual allegations to be true, a motion to dismiss will be denied if these allegations state a claim upon which relief can be granted. *See Jenkins v. McKeithen*, 395 U.S. 411, 421-22 (1969) (holding that in 12(b)(5) motions, material allegations are taken as true and liberally construed in favor of non-moving party); *United States v. Complex Machine Works Co.*, 20 CIT 1080, 1080, 937 F. Supp. 943, 944 n. 2 (1996) (noting that factual allegations will be taken as true for purposes of USCIT R. 12(b)(5) motion only). A motion to dismiss cannot be granted if there is merely one set of

provable facts, which would entitle Plaintiff to relief. *See NEC v. United States Department of Commerce*, 20 CIT 1483, 1485, 967 F. Supp. 1305, 1307 (1996) (quoting *Constant v. Advanced Micro-Devices, Inc.*, 848 F.2d 1560, 1565 (Fed. Cir. 1988)). In *United States v. Priscilla Modes, Inc.*, 9 CIT 598, 600, 1985 WL 25788, at *2 (1985), this court said, "[b]y alleging a violation of 19 U.S.C. § 1592 and the consequent loss of duties, the complaint states a claim upon which relief can be granted."

Plaintiff's complaint fulfills the requirements of USCIT R. 8 (a)[1] and alleges a set of facts, which if proven, sufficiently state a claim under 19 U.S.C. § 1592. First, Plaintiff brings this case within the court's jurisdiction under 28 U.S.C. § 1582.[2] *See Compl*., ¶ 2. Second, Plaintiff alleges that Defendants imported a shipment of carbon steel pipe and tubing and failed to identify the merchandise as subject to antidumping and/or countervailing duties. *See id.,* ¶¶ 5-8. Plaintiff claims that Defendants' negligent behavior deprived the government of lawful duties. *See id.,* ¶¶ 8, 22. Finally, Plaintiff demands judgment of unpaid duties and penalties. *See id.,* ¶¶ 24, 27, 30.

The court additionally notes that the purpose of USCIT R. 8(a) is to provide "fair notice" to Defendants regarding Plaintiff's claim and the grounds for the claim. *See United States v. F.A.G.*

---

[1]USCIT R. 8(a) provides that a pleading which sets forth a claim for relief shall contain (1) a short and plain statement of the jurisdictional grounds, (2) a short and plain statement of the claim showing entitlement to relief, and (3) a demand for judgment.

[2]28 U.S.C. §1582 (1994) provides that the Court of International Trade shall have exclusive jurisdiction of a civil action arising out of an import transaction and commenced by the United States:

> (1) to recover a civil penalty under section 592, 593A, 641(b)(6), 641(d)(2)(A), 704(i)(2), or 734(i)(2) of the Tariff Act of 1930.

*Bearings, Ltd.*, 8 CIT 294, 296-97, 598 F. Supp. 401, 404 (1984) (quoting *Conley. v. Gibson*, 355 U.S. 41, 47-48 (1957)). The six-page complaint states that it is an action to enforce civil penalties and recover unpaid duties pursuant to 19 U.S.C. §1592, and provides a detailed account of Defendants' allegedly fraudulent and misleading conduct. *See Compl*., ¶ 1. Count I details the government's assertion of a penalty against Ferro Union for negligence, Count II recites Ferro Union's alleged liability for lost duties, and Count III states the liability of Fireman's Fun for lost duties. *See id.* at 4-6. The extensive information and substance contained within the complaint provides more than fair notice to Defendants.

In sum, Defendants' motion to dismiss is denied because assuming the factual allegations are true (as this court is bound to do), the complaint states a claim upon which relief can be granted and gives fair notice to Defendants of Plaintiff's claims.

> B.      *The court finds that good cause exists for the one day delay of service and thus will not dismiss Plaintiff's complaint against Fireman's Fund.*

USCIT R. 4(m) requires service of the complaint and the summons to be made upon a defendant within 120 days after filing of the complaint.[3] However, the rule also provides for an extension of time for service upon a showing of good cause.[4] In order to show good cause, Plaintiff

---

[3]Prior to December 1, 1993, USCIT R. 4(m) was 4(h) and the comparable Federal Rule of Civil Procedure ("FRCP") was 4(j). After December 1, 1993 the letter designations were harmonized so that USCIT 4(m) and FRCP 4(m) are the same rule.

[4] The court finds good cause in this situation, but also notes that even without good cause the decision to dismiss is within the court's discretion. *See Henderson v. United States*, 517 U.S. 654, 662 (1996) (recognizing that even where a party does not show good cause it remains within the court's discretion whether or not to dismiss upon a showing of late service); *MCI Telecomm. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1097-98 (3rd Cir. 1995). Further, as Plaintiff notes, the Advisory Committee notes to FRCP 4(m) indicate that the rule is not meant to be "determinative" of an action

must show an awareness of the 120 day deadline, and must also show that reasonable efforts were made to serve Defendant in a timely manner.  *See United States v. Gen. Int'l Mktg. Group,* 14 CIT 545, 548, 742 F. Supp. 1173, 1175-76 (1993).

Fireman's Fund was served with the complaint and summons on October 1, 1999-- one day after the September 30 deadline.  *Plaintiff's Appendix 5 ("Pl.'s App. 5").*  Service was unsuccessfully attempted on September 30.  *Plaintiff's Appendix 6 ("Pl. App. 6").* On September 30, the senior special agent of the United States Customs Service authorized to serve Fireman's Fund contacted the Defendant at 4:25 pm, after being delayed in traffic, to give notice that he would arrive around 4:40.  During this phone call, he was informed that Fireman's Fund would not accept service after 4:30.  *Id.*  Customs subsequently served Fireman's Fund the following day, October 1.  *Id.*

Customs was aware of the September 30 deadline and made reasonable efforts to ensure proper service was made.  *Pl. App. 5.*   Although the court does not condone delinquent attention to deadlines, the court finds that Customs made reasonable efforts to timely serve Fireman's Fund. Therefore, good cause exists for Customs' failure to meet the September 30 deadline.

A court must extend the time for proper service when good cause is shown.  *See Panaras v. Liquid Carbonic Indus. Corp.*, 94 F.3d 338, 340 (7th Cir. 1996).[5]  Here, the court will extend the

---

especially where, as in this case, the statute of limitations would bar refiling of a claim.  *Plaintiff's Memorandum in Opposition to Defendants' Motion to Dismiss* ("*Pl.'s Mem. in Opp. to Defs.' Mot. to Dismiss*") at 20.

[5]The *Panaras* court also noted that in the absence of a good cause showing, the court may in its discretion dismiss or order service within a specified time. *See* 94 F.3d at 340.

deadline for service so that service to Fireman's Fund on October 1, 1999 is valid.  Thus, no grounds

exist under USCIT R. 4(m) to dismiss the case against Fireman's Fund.[6]

> C.      *Defendants' claim that Plaintiff failed to include an indispensable party is without*
> *merit.*

Defendants allege that L.E. Coppersmith, a customs broker, failed to include relevant

information on the entry summary to indicate that the entries were subject to antidumping and/or

countervailing duties.   Defendants invoke USCIT R. 12(b)(6), arguing that Coppersmith must be

joined as an essential party under USCIT R. 19.  Without this joinder, Defendants claim that their

ability to litigate the case will be prejudiced, and that they risk incurring "double, multiple, or otherwise

inconsistent obligations."  USCIT R.19(a).

Defendants' assertions that parties to the litigation will be prejudiced are unconvincing.  USCIT

R. 19 calls for joinder when complete relief cannot be afforded with presently joined parties.  Plaintiff

has alleged that Defendants are liable for the unpaid duties and penalties.  *See  Compl.,* ¶¶ 26, 29.

Complete relief for these duties and penalties is attainable from the named defendants.  Thus,

Defendants have failed to show how Coppersmith's absence impairs Plaintiff's ability to obtain

complete relief.  *Pl.'s Mem. in Opp. to Defs.' Mot. to Dismiss* at 11.   The court therefore finds that

Coppersmith is not an essential party to this litigation and rejects Defendants' USCIT R. 12(b)(6)

defense as without merit.

---

[6]The court notes that Defendant Fireman's Fund had ample notice of the potential cause of
action through its participation in the administrative process which culminated in a demand letter on
May 26, 1999. *See Plaintiff's Appendix 7.*

### III. CONCLUSION

There is no basis before the court to dismiss this case.

Therefore, it is hereby

ORDERED that Defendants' motion to dismiss is denied.


Dated: _____                                    _____
       New York, NY                                     Judith M. Barzilay
                                            Judge